```
                    THE UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TEXAS
                          MARSHALL DIVISION

                            *  *  *  *  *

SPORTSCASTR, INC.              *     NO. 2:23-CV-472-JRG
d/b/a PANDA INTERACTIVE,       *
                               *     Marshall, Texas
VS.                            *
                               *     10:54 a.m. - 11:12 a.m.
SPORTRADAR GROUP, AG and       *
SPORTRADAR AG,                 *     December 16, 2024

                            *  *  *  *  *

SPORTCASTR, INC.               *     NO. 2:23-CV-471-JRG
d/b/a PANDA INTERACTIVE,       *
                               *     Marshall, Texas
VS.                            *
                               *     10:54 a.m. - 11:12 a.m.
GENIUS SPORTS LTD, et al       *     December 16, 2024

                            *  *  *  *  *
```

**SETTLEMENT HEARING**

BEFORE CHIEF JUDGE J. RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

\* \* \* \* \*

Proceedings recorded by computer stenography
Produced by computer-aided transcription

*EDWARD L. REED*
EdReedCR@aol.com
409-330-1605

```
 1   APPEARANCES:

 2   For the Plaintiff:

 3       MR. MARK D. SIEGMUND
         Cherry Johnson Siegmund James, LLC
 4       400 Austin Avenue
         9th Floor
 5       Waco, TX 76701

 6   For Defendant, SportRadar:

 7       MR. MICHAEL SMITH
         Scheef & Stone
 8       113 East Austin Street
         Marshall, TX 75670
 9
         MR. DAVID A. ROODMAN
10       MR. NICK E. WILLIAMSON
         Bryan Cave Leighton Paisner, LLP
11       211 North Broadway
         Suite 3600
12       St. Louis, MO 63102

13   For Defendant, Genius Sports:

14       MS. JEANNE M. HEFFERNAN
         MR. JAMES JOHN LOMEO
15       Kirkland & Ellis, LLP
         401 Congress Avenue
16       Austin, TX 78701

17   Courtroom Deputy:

18       ANDREA BRUNSON

19   Court Reporter:

20       ED REED

21

22

23

24

25
```

| | |
|---|---|
| 1 | **P R O C E E D I N G S** |
| 2 | **10:54 A.M. - DECEMBER 16, 2024** |
| 3 | THE COURT: All right, this is the time set |
| 4 | on Hearing before the Court on disputed motions in the |
| 5 | Matter of SportsCastr, Inc., d/b/a Panda Interactive, |
| 6 | vs. SportRadar Group and SportRadar AG in the Lead Case |
| 7 | No. 2:23-CV-472, also consolidated with the Lead Case. |
| 8 | And before the Court today is SportsCastr, Inc., d/b/a |
| 9 | Panda Interactive vs. Genius Sports Limited, Case No. |
| 10 | 2:23-CV-471. |
| 11 | With regard to the disputed discovery |
| 12 | motions set before the Court today, what states the |
| 13 | Plaintiff, Panda? |
| 14 | MR. SIEGMUND: Good morning, Your Honor. |
| 15 | Mark Siegmund on behalf of the Plaintiff, Panda. All |
| 16 | the motions, by agreement, now have been resolved from |
| 17 | our side, and I'll let the Defendants speak to the |
| 18 | motions today. |
| 19 | THE COURT: All right, thank you for that. I |
| 20 | want to simply get announcements in the record right |
| 21 | now, and then I'm going to go back and get the |
| 22 | substance of what the agreements are. Let me get an |
| 23 | announcement from SportRadar Group. |
| 24 | MR. SMITH: Your Honor, for SportRadar Group, |
| 25 | Michael Smith, Dave Roodman, and Nick Williamson, and |

1  we're ready to proceed.
2            THE COURT:  Thank you.  And Genius Sports?
3            MS. HEFFERNAN:  For Genius Sports, Jeanne
4  Heffernan and James Lomeo.
5            THE COURT:  All right.  There were six
6  disputed motions set for today.  The Court directed the
7  parties to appear at 9:00 and meet and confer.  The
8  Court indicated to the parties that if the various
9  motions were not completely resolved, the Court would
10 take up any unresolved matters at 2:00.  It is now
11 11 a.m. and I'm advised by counsel, through my staff,
12 that all six of these disputed motions have been
13 resolved by the parties.
14           I'd like to go through these one at a time
15 and get the parties' agreement on the record to make
16 sure there is a complete and clear understanding
17 between the parties and no space for a subsequent
18 misunderstanding and resurrection of any disputes that
19 otherwise we thought were resolved.  I really don't
20 care whether Plaintiff speaks first or Defendants speak
21 first, as long as everybody gets a chance to confirm
22 the recitations regarding the settlement and resolution
23 of the disputed motions.
24           The first one is Document No. 52, which
25 is Plaintiff's Motion to Compel Depositions of

```
 1  SportRadar's Witnesses.  This is Plaintiff's motion, so
 2  why don't I hear Plaintiff recite what the agreement is
 3  and then I'll get confirming statements on the record
 4  from Defendants.  And I'm going to ask everybody to go
 5  to the podium for these recitals.
 6          MR. SIEGMUND:  Your Honor, if I could pass the
 7  mike over to the Defendants, they have our proposed
 8  stipulation they could read into the record.
 9          THE COURT:  That's fine.  Whoever is going to
10  speak for Defendants, go to the podium, please.
11          MR. ROODMAN:  Your Honor, Dave Roodman on
12  behalf of the SportRadar Defendants.  We've prepared
13  and provided the Court with a written stipulation
14  signed by Plaintiff and the SportsCastr Defendants.  In
15  essence, the SportRadar Defendants have agreed that any
16  witnesses that are citizens of and reside outside of
17  the United States who are employees of subsidiaries or
18  related companies that they believe may be called at
19  trial, that we will identify those employees and/or
20  witnesses to Plaintiff Panda no later than 60 days
21  before the close of fact discovery, and the SportRadar
22  Defendants agrees in good faith to seek the voluntary
23  agreement of those persons to be deposed no later than
24  14 days before the close of fact discovery.
25                  If any such persons are not voluntarily
```

1  agreeing to be deposed or otherwise can't be made
2  available, the SportRadar Defendants agree that they
3  will not call any of those witnesses at trial.
4              THE COURT:  All right, thank you, Mr. Roodman.
5  Now, I have your two-page written stipulation on this
6  particular motion, Document No. 52.  I'm happy for you
7  to file it on the record or I'm happy to give it back
8  to you, or is this simply a courtesy copy for the
9  Court, but what did you envision with this?
10             MR. ROODMAN:  We'd be happy to file it with the
11 Court, Your Honor.
12             THE COURT:  All right, I'll hand it to the
13 courtroom deputy and you can get it from her as soon as
14 we finish on the record today.
15             MR. ROODMAN:  Thank you, Your Honor.
16             THE COURT:  Now, having heard that recitation
17 from Defendant SportRadar, does Panda concur and agree
18 that that's an accurate recitation that resolves this
19 dispute?
20             MR. SIEGMUND:  Yes, Your Honor, we do.
21             THE COURT:  And you're withdrawing your motion
22 in light of that?
23             MR. SIEGMUND:  Correct, Your Honor.
24             THE COURT:  Okay.  This doesn't impact Genius
25 in any way, as far as I'm aware?

1           MR. LOMEO:  That's correct, Your Honor.
2           THE COURT:  We'll move on to the next one.
3  The next one is Document 52, the Plaintiff's Motions
4  to Compel Production of Documents Related to the
5  Relationship Between SportRadar and genius.  What's the
6  agreement here, counsel?
7               There is also the Motion to Compel
8  Production of Documents, Document 49.  It seems to be a
9  companion motion.  Can you tell me where we are on this,
10 Mr. Roodman?
11          MR. ROODMAN:  Yes, Your Honor.  So Genius and
12 the SportRadar Defendants have both agreed that they
13 have no objection to producing the Settlement Agreement
14 and just the Settlement Agreement.  So long as there is
15 another party to the Settlement Agreement, there is a
16 confidentiality provision.  So Genius is going to reach
17 out to that other -- we've already reached out to the
18 other party and tried to seek their consent.  They're
19 confident, though, if we get that third party to the
20 Settlement Agreement consent to produce the document,
21 then we'll forthwith produce it once that consent is
22 forthcoming.
23               The Plaintiff has agreed that the rest of
24 their motion with respect to seeking related documents
25 and negotiation documents and other materials, that

1  they are withdrawing that portion of their motion at
2  this time until they have an opportunity to see a copy
3  of the Settlement Agreement.  And then if they believe
4  there are other documents that they are entitled to or
5  need, we'll meet and confer at that point.
6              THE COURT:  All right.  Is that an accurate
7  recitation in view of the Plaintiff?
8              MR. SIEGMUND:  Yes, Your Honor, that's correct.
9              THE COURT:  All right.  And the portion of the
10 motion that doesn't relate to the SportRadar/Genius
11 Sports agreement is being withdrawn without prejudice
12 pending review of the actual agreement itself?
13             MR. SIEGMUND:  That is correct, Your Honor.
14             THE COURT:  Can Genius confirm that's their
15 understanding of the resolution here as well.
16             MR. LOMEO:  Your Honor, James Lomeo on behalf
17 of the Genius Sports Defendants, and we confirm that
18 that is our understanding as well.
19             THE COURT:  All right.  And that disposes of
20 both Document 54 and 49, as I understand it, which
21 takes us on to Document 57, Plaintiffs Motion to Compel
22 Production of Documents and Interrogatory Responses.
23 What's the resolution on this motion?
24             MR. LOMEO:  Your Honor, James Lomeo on behalf
25 of the Genius Sports Defendants.  In meeting and

1  conferring with Plaintiff Panda, we have resolved this
2  motion given that Genius Sports recently learned -- or
3  recently entered into certain new agreements that
4  changed the circumstances of the motion.  We will be
5  producing the financials sought in the motion for data
6  only activities without admitting that those revenues
7  are appropriate for recovery in this case, but we will
8  produce them in discovery, as well as the new
9  agreements that have been recently entered into that
10 changed the circumstances that were in existence at the
11 time the motion was filed.  Given the holidays, we are
12 hoping to have this information produced by the end of
13 January.
14           So that's the full scope of the agreement
15 between the parties on this motion.
16           THE COURT:  All right.  Can plaintiff confirm
17 that for the Court on the record, please?
18           MR. SIEGMUND:  Yes, Your Honor, we agree with
19 what was recited by the Defendant, Genius Sports,
20 without prejudice, you know, pending any other issues
21 to bring another Motion to Compel, but this does
22 resolve our current motion.
23           THE COURT:  And you withdraw your current
24 motion based on that agreement?
25           MR. SIEGMUND:  Yes, Your Honor.

1       THE COURT: Okay. And I gather this does not
2  impact SportRadar and they don't have a position on
3  this; is that correct?
4       MR. ROODMAN: That's correct, Your Honor.
5       THE COURT: All right. Then let's go on to
6  the next matter, which is Document 51, which is Genius
7  Sports Motion to Compel Production of Financial
8  Documents and Interrogatory Responses. Do we have a
9  resolution on this?
10      MR. LOMEO: James Lomeo on behalf of the
11 Genius Sports Defendants. Yes, Your Honor, we have a
12 resolution on this Motion to Compel.
13      THE COURT: What is it, counsel?
14      MR. LOMEO: So, for Interrogatory No. 4 --
15 this motion covered Interrogatories No. 4, 6 and 19.
16 And with respect to each of them, Plaintiff has agreed
17 to supplement. In particular, with respect to
18 Interrogatory No. 4, Plaintiff has agreed to provide a
19 narrative response explaining the claim terms at issue
20 in the interrogatories and where they can be found in
21 the accused products, including any interpretation of
22 the terms "socket," "socket server" and "event socket"
23 that Plaintiff contends is required to bring the
24 functionality of the accused products within the scope
25 of any asserted claims. And Plaintiff has committed to

```
 1  doing this by January 15th.
 2              With respect to Interrogatory No. 6,
 3  Plaintiff has agreed to supplement Interrogatory No. 6
 4  to identify its date of first awareness of any alleged
 5  infringement by patent and accused products.  To the
 6  extent and exact date is unavailable, Plaintiff will
 7  identify as close a date as possible to that by January
 8  15th.
 9              With respect to Interrogatory No. 19,
10  Plaintiff agreed to provide a narrative response on
11  discussions to clarify whether or not notice was given
12  of infringement or the asserted patents.  And Plaintiff
13  also agreed to provide the basis for its contention
14  that certain Genius Sports employees created accounts
15  with the Plaintiff.  And plaintiff agreed to provide
16  its narrative on notice by a patent and product basis,
17  to the extent they came by January 15th.
18              So those were the issues in that motion
19  at Docket 51.
20          THE COURT:  All right.  Mr. Siegmund, can you
21  confirm that's an accurate recitation of the parties'
22  agreement for me on the record, please?
23          MR. SIEGMUND:  Yes, Your Honor.  I can confirm
24  that on Interrogatory No. 19.  I think this was said,
25  but just to make sure, to the extent we can identify it
```

1  based on a per product and by per patent basis, we will
2  do so.  I'm not sure that we can do that.  We will
3  investigate and supplement accordingly.  But other than
4  that, that was an accurate recitation.
5           THE COURT:  All right.  And I gather, in light
6  of the agreement announced today, Mr. Lomeo, your
7  client is withdrawing the motion?
8           MR. LOMEO:  Yes, Your Honor, that's correct.
9  And one clarifying point to the point Mr. Siegmund just
10 made is, to the extent they are unable to identify it
11 on a patent or product basis, they will affirmatively
12 state that in the interrogatory so there is no
13 question.
14          THE COURT:  All right, that's understood,
15 Mr. Siegmund?
16          MR. SIEGMUND:  That's correct, Your Honor.  We
17 understand.
18          THE COURT:  All right, thank you.
19               Looks like the final motion set for
20 resolution this morning is Document 78, which is
21 Genius's Motion to Compel Supplemental Interrogatory
22 Responses.  What's the resolution here?
23          MR. LOMEO:  James Lomeo on behalf of the
24 Genius Sports Defendants.  We have resolved this
25 motion, as well as part of the meet-and-confer process.

```
 1  This motion covered Interrogatories No. 20, 21, 22, and
 2  25.
 3              With respect to Interrogatory No. 20, the
 4  Plaintiff confirmed that Panda Studio is the only
 5  embodying product and that it will supplement its
 6  embodying charts within two weeks to identify source
 7  code citations.
 8              With respect to Interrogatory No. 21,
 9  Plaintiff agreed to identify the date of first offer
10  for sale of the alleged invention and the product
11  underlying that offer for sale, as well as any
12  documents that were part of those offers, by January
13  15th.
14              With respect to Interrogatory No. 22,
15  Plaintiff represented that it identified in its
16  response all investors in the Plaintiff and, given that
17  representation, consider that issue resolved.
18              And then with respect to Interrogatory
19  No. 5, Plaintiff represented in the Joint Status Report
20  filed with the Court last week that it had provided all
21  information within its possession, custody, and control
22  related to that interrogatory.  And so that resolved
23  that issue.
24          THE COURT:  Was there an Interrogatory 25 here?
25          MR. LOMEO:  Yes, Your Honor, that was resolved
```

1  as part of the meet-and-confer process for the Status
2  Report that was done last week.
3              THE COURT:  All right.  So you're
4  understanding the entirety of this motion has been
5  resolved?
6              MR. LOMEO:  Yes, Your Honor.
7              THE COURT:  Can Plaintiff confirm the accuracy
8  of that recital, as well?
9              MR. SIEGMUND:  Yes, Your Honor, that is
10 correct.  One slight clarification on Interrogatory
11 No. 20.  Panda Studio and the iterations of it, it was
12 called a different name beforehand.  But other than
13 that, the rest of what was recited on Interrogatory
14 No. 20 and concerning our supplement is correct, as
15 well as Rogs 21 and 22 and 19.  So that is correct,
16 Your Honor.
17             THE COURT:  All right.  And you understand,
18 Mr. Lomeo, with regard to Interrogatory 20, that's
19 Panda as it currently is known and any prior iterations?
20             MR. LOMEO:  Yes, Your Honor.
21             THE COURT:  All right, let me ask this of all
22 present.  To the best of your knowledge and belief,
23 counsel, does that resolve all of the outstanding
24 issues with these matters that were set for hearing
25 before the Court today?

```
 1            MR. SIEGMUND:  For the Plaintiff, that is
 2  correct, Your Honor.
 3            THE COURT:  All right.
 4            How about for Genius Sports?
 5            MR. LOMEO:  For the Genius Sports Defendants,
 6  that is correct, Your Honor
 7            THE COURT:  And SportRadar?
 8            MR. ROODMAN:  Yes, Your Honor, that's correct.
 9            THE COURT:  All right.  Counsel, let me thank
10  you for your efforts in resolving these by agreement.
11  It just reiterates the Court's belief in the value of
12  in-person meet-and-confer opportunities.  Thank you for
13  being here.
14            Is there anything that anybody present is
15  aware of that needs to be taken up that the Court
16  hasn't otherwise address as a part of the hearing
17  today?
18            MS. HEFFERNAN:  No, Your Honor.
19            MR. SIEGMUND:  No, Your Honor.
20            MR. ROODMAN:  No, Your Honor.
21            THE COURT:  All right.  You are excused with
22  the Court's wishes for happy holidays.  We stand in
23  recess.
24            [11:12 a.m. - Proceedings adjourned]
25
```

REPORTER'S CERTIFICATE

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled cause.

```
/s/ Ed Reed                              12-26-24
Edward L. Reed                           Date
Official Court Reporter
```

*EDWARD L. REED*
EdReedCR@aol.com
409-330-1605