IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SPORTSCASTR INC. (d/b/a PANDA INTERACTIVE), | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00472-JRG |
| SPORTRADAR GROUP, AG, and SPORTRADAR AG, | § § § | (LEAD CASE) |
| Defendants. | § § | |

| | | |
|---|---|---|
| SPORTSCASTR INC. (d/b/a PANDA INTERACTIVE), | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00471-JRG |
| GENIUS SPORTS LTD., et al., | § § | (MEMBER CASE) |
| Defendants. | § § | |

## ORDER

Before the Court is the Motion to Amend the First Amended Docket Control Order (the "Motion") filed by Defendants Sportradar Group AG and Sportradar AG (collectively, the "Sportradar Defendants"), and joined by Defendants Genius Sports Ltd., Genius Sports Media Ltd., Genius Sports Technologies Ltd., Genius Sports UK Ltd., Genius Sports Group Ltd., Maven Topco Ltd., Maven Midco Ltd., Maven Debtco Ltd., and Maven Bidco Ltd. (collectively, the "Genius Defendants") (together with the Sportradar Defendants, the "Defendants"). (Dkt. Nos. 142; 146.) In the Motion, Defendants represent that Plaintiff SportsCastr Inc. d/b/a PANDA Interactive ("Plaintiff" or "PANDA") (together with the Defendants, the "Parties") filed their Second Amended Complaints (Dkt. Nos. 126; 127) on the last day to amend under the operative First Amended Docket Control Order (Dkt. 93), adding extensive new antitrust allegations, a tying claim under Section 1 of the Sherman Act, and a parallel claim under the Texas Free Enterprise and Antitrust Act of 1983. (Dkt. No. 142 at 2.)

Defendants further state that the current deadlines simply cannot be met in light of these significant and newly presented issues and claims asserted within the Second Amended Complaints. (*Id.* at 1.) Consequently, Defendants move the Court to amend the First Amended Docket Control Order (Dkt. 93) to provide for additional time for discovery to address these newly asserted claims. (Dkt. Nos. 126; 127.)[1] In their proposed Second Amended Docket Control Order, the Sportradar Defendants request that the Court extend jury selection, fact discovery, and related deadlines by approximately six to seven months. (*See* Dkt. No. 142-1 at 1-5.) The Sportradar Defendants further request that the Court extend patent-related deadlines, including claim construction, by approximately five months. (*See* Dkt. No. 142-1 at 5-6.)

Having reviewed the Motion, the Response, and the Second Amended Complaints, the Court finds that there is good cause to modify the docket control order.[2] Accordingly, it is **ORDERED** that the Motion should be and hereby is **GRANTED IN PART**. While the Court agrees with Defendants that an extension to the docket control order is warranted, the Court does not find that the deadlines in the docket control order should be extended by more than seventy-five (75) days. The Court further does not find that proportional extensions of patent-related deadlines are appropriate.

---

[1] The Sportradar Defendants also contend that the docket control order requires Plaintiff to seek leave of Court to add additional causes of action. (Dkt. No. 142 at 3, n.3 (citing Dkt. No. 93 at 6) ("It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents.")).) As a result, the Sportradar Defendants note that they "do not concede that PANDA's amendment was proper" and "reserve all rights to move to dismiss PANDA's legally invalid antitrust claims on numerous grounds." (*Id.*) Though the Sportradar Defendants contends such amendments are "untimely," Defendants have not yet moved to strike those amendments. (*Id.* at 3.)

[2] After litigating this case solely as a patent case for sixteen months, on the last possible day to amend its complaints Plaintiff added new and extensive antitrust allegations, a tying claim, and a parallel claim under the Texas Free Enterprise and Antitrust Act of 1983. Under these facts, even Plaintiff concedes some extension is appropriate. (*See* Dkt. No. 153 at 1; Dkt. No. 143-1 at 1 ("PANDA is willing to agree to a 4-week extension of the trial date to accommodate additional discovery. . . . [A] portion of this extension should be used to expand the time available for expert discovery.").) The real dispute before the Court is what type and duration of an extension is justified.

Accordingly, the Parties are **ORDERED** to meet and confer within three (3) business days of this Order to prepare a Joint Proposed Second Amended Docket Control Order that makes the 75-day adjustment to the discovery period for non-patent newly added claims. The Parties are further **ORDERED** to submit their Joint Proposed Second Amended Docket Control Order to the Court for review and action within 48 hours after such meet and confer process is complete. Areas therein where the Parties disagree shall be denoted by the Parties' competing proposals listed jointly and together.

**So ORDERED and SIGNED this 28th day of March, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE