# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>       Plaintiff,<br><br>v.<br><br>SPORTRADAR GROUP, AG, and<br>SPORTRADAR AG,<br><br>       Defendants. | Civil Action No. 2:23-cv-00472-JRG<br>(LEAD CASE) |
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>       Plaintiff,<br><br>v.<br><br>GENIUS SPORTS LTD.,<br>GENIUS SPORTS MEDIA LTD.,<br>GENIUS SPORTS TECHNOLOGIES LTD.,<br>GENIUS SPORTS UK LTD.,<br>GENIUS SPORTS GROUP LTD.,<br>MAVEN TOPCO LTD.,<br>MAVEN MIDCO LTD.,<br>MAVEN DEBTCO LTD., and<br>MAVEN BIDCO LTD.,<br><br>       Defendants. | Civil Action No. 2:23-cv-00471-JRG<br>(MEMBER CASE) |

**DECLARATION OF MATTHEW D. WOOD IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
<u>TO AMEND THE FIRST AMENDED DOCKET CONTROL ORDER</u>**

I, Matthew Wood, declare and state as follows:

1. I am an attorney with King & Spalding LLP. I represent Plaintiff, SportsCastr, Inc. (d/b/a PANDA Interactive) in the above-captioned cases.

2. Attached hereto as Exhibit A is a true and correct copy of a letter that I sent to Mr. Jim Lomeo, counsel for Genius Sports, on March 26, 2024.

3. Attached hereto as Exhibit B is a true and correct copy of a letter that I sent to Mr. David Roodman, counsel for Sportradar, on May 1, 2024.

4. Attached hereto as Exhibit C is a true and correct copy of a letter that Mr. Mark Siegmund, counsel for PANDA, sent to Mr. Lomeo on October 23, 2024.

5. Attached hereto as Exhibit D is a true and correct copy of a letter that Mr. Lomeo sent to me on January 2, 2025.

6. Attached hereto as Exhibit E is a true and correct copy of a letter that I sent to Mr. Lomeo on March 5, 2025.

7. Attached hereto as Exhibit F is a true and correct copy of a letter that I sent to Mr. Nick Williamson, counsel for Sportradar, on March 10, 2025.

8. Attached hereto as Exhibit G is a true and correct copy of an email chain between Mr. Williamson and me on February 19, 2025.

9. Attached hereto as Exhibit H is a true and correct copy of an email chain between Mr. Williamson, Mr. Lomeo, and me on March 3-6, 2025. In the latest email in this chain, PANDA attached its counter-proposal to Sportradar's requested extension of the DCO. Dkt. 143-1. Counsel for Sportradar did not respond to this counter-proposal.

10. Attached hereto as Exhibit I is a true and correct copy of Genius Sports' Notice of Deposition to PANDA pursuant to Federal Rule of Civil Procedure 30(b)(6) served on February 14, 2025.

11. Attached hereto as Exhibit J is a true and correct copy of an email chain between Mr. Williamson and me on March 20, 2025.

12. Attached hereto as Exhibit K is a true and correct copy of an email chain between Mr. Lomeo and me on February 21, 2025. In his email, Mr. Lomeo asks PANDA to "confirm that PANDA will produce all documents referencing communications between PANDA and any sportsbook, including any related materials such as pitches, draft agreements, documents showing whether/why sportsbooks pursued or did not pursue any further commercial relationship with PANDA…." In my response, I confirmed PANDA would produce these documents and asked Genius to confirm it would do the same. Genius responded to other aspects of my email in a letter on March 20 but has not yet confirmed it will produce these documents.

13. Attached hereto as Exhibit L is a true and correct copy of Genius Sports' Second Supplemental Objections and Responses to PANDA's Second Set of Interrogatories (Nos. 16-27) served on February 14, 2025.

14. Attached hereto as Exhibit M is a true and correct copy of Sportradar's Amended and Supplemental Objections and Responses to PANDA's Interrogatories (Nos. 9-11, 16-21, 23, 26-28) served on March 7, 2025.

15. Genius and Sportradar have collectively filed twenty petitions for *Inter Partes* Review directed toward the Asserted Patents:

- IPR2024-01305 (U.S. Patent No. 10,805,687) (instituted on March 13, 2025)
- IPR2024-01307 (U.S. Patent No. 10,805,687) (instituted on March 13, 2025)
- IPR2024-01308 (U.S. Patent No. 10,425,697) (instituted on March 6, 2025)
- IPR2024-01309 (U.S. Patent No. 10, 425,697) (instituted on March 6, 2025)

- IPR2024-01310 (U.S. Patent No. 11,039,218) (instituted on March 17, 2025)
- IPR2024-01311 (U.S. Patent No. 11,309,218) (instituted on March 17, 2025)
- IPR2025-00251 (U.S. Patent No. 11,871,088) (filing date December 6, 2024)
- IPR2025-00252 (U.S. Patent No. 11,871,088) (filing date December 6, 2024)
- IPR2025-00265 (U.S. Patent No. 10,425,697) (filing date December 11, 2024)
- IPR2025-00266 (U.S. Patent No. 10,425,697) (filing date December 11, 2024)
- IPR2025-00268 (U.S. Patent No. 10,805,687) (filing date December 11, 2024)
- IPR2025-00269 (U.S. Patent No. 10,805,687) (filing date December 11, 2024)
- IPR2025-00273 (U.S. Patent No. 11,309,218) (filing date December 11, 2024)
- IPR2025-00275 (U.S. Patent No. 11,309,218) (filing date December 11, 2024)
- IPR2025-00313 (U.S. Patent No. 10,425,697) (filing date December 14, 2024)
- IPR2025-00314 (U.S. Patent No. 10,425,697) (filing date December 14, 2024)
- IPR2025-00315 (U.S. Patent No. 10,805,687) (filing date December 14, 2024)
- IPR2025-00316 (U.S. Patent No. 10,805,687) (filing date December 14, 2024)
- IPR2025-00634 (U.S. Patent No. 11,871,088) (filing date February 24, 2025)
- IPR2025-00635 (U.S. Patent No. 11,871,088) (filing date February 24, 2025)

16. The PTAB granted institution on six of these petitions between March 6, 2025, and March 17, 2025. A final decision on these petitions will likely not be issued until March 2026—four months after the current trial date in this consolidated action. 35 U.S.C. § 316(a)(11).

17. Twelve of the remaining petitions were accorded filing dates between December 6, 2024, and December 11, 2024. Assuming the Patent Trial and Appeals Board follows its normal practice of issuing an institution decision within 6 months of the filing of a petition and a final decision within 12 months of institution, a final decision on these petitions (if instituted) would likely occur around June 2026—the same month to which Defendants seek to extend the trial date in this consolidated action.

18. The parties conducted a meet and confer on March 21, 2025. During the meet and confer neither PANDA's March 5 letter to Genius (Exhibit E) or March 10 letter to Sportradar (Exhibit F) were discussed. Genius's lead counsel did not attend the meet and confer. Counsel for

Sportradar indicated that it could not discuss PANDA's March 10 letter because Mr. Williamson, who is neither lead counsel nor local counsel for Sportradar, was not in attendance.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of March, 2025 in Austin, Texas.

*Matthew D. Wood*
Matthew D. Wood