# Exhibit B

# KING & SPALDING

King & Spalding LLP
500 W. 2nd Street, Ste. 1800
Austin, TX 78701
Tel: +1 512-457-2000
www.kslaw.com

May 1, 2024

**Via E-Mail**
David A. Roodman
Bryan Cave Leighton Paisner LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102
david.roodman@bclplaw.com

      Re:  *SportsCastr Inc. (d/b/a PANDA Interactive) v. Sportradar Group, AG*, No. 2:23-cv-472-JRG (E.D. Tex.)

Counsel,

As you are aware, the Discovery Order entered in this case requires that each party "[w]ithout awaiting a discovery request … produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." Dkt. 25 § 3(b). To assist the parties in complying with this order, PANDA identifies the attached non-exhaustive categories of documents that it believes are covered by section 3(b) to the extent they are found within Sportradar's possession, custody, or control after a reasonable search. Ex. A.

This list is not intended to be exhaustive of Sportradar's obligations under section 3(b). PANDA reserves the right to supplement or amend this list as discovery progresses.

Pursuant to section 9(a) of the Discovery Order, PANDA identifies these categories of documents as documents that should be immediately produced because they are responsive to section 3(b). Please confirm within 30 days that you will produce the documents identified in Exhibit A. If you refuse to provide all such documents, PANDA requests a meet and confer pursuant to section 9(a) followed by a written statement identifying "(1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed."

                                                                 Regards,

                                                                 /s/ *Matthew Wood*

                                                                 Counsel for SportsCastr Inc.
                                                                 d/b/a PANDA Interactive

Page 1

# EXHIBIT A

## DEFINITIONS

1. As used herein, "PANDA" or "Plaintiff" means SportsCastr Inc. d/b/a PANDA Interactive.

2. As used herein, "Sportradar" means Defendants Sportradar Group AG and Sportradar AG, as well as their corporate parents, corporate predecessors, regional units, regional offices, and past or present subsidiaries, affiliates, divisions, departments, officers, directors, principals, agents, and employees.

3. As used herein, the words "you" or "your" means Sportradar.

4. As used herein, "Asserted Patents" means U.S. Patent No. 10,805,687; U.S. Patent No. 11,39,218; U.S. Patent No. 10,425,697; and U.S. Patent No. 11,871,088.

5. As used herein, "Accused Products" means the Sportradar's products and services (and components related thereto) that Plaintiffs have accused or later accuses of infringing one or more claims of the Asserted Patents. This includes, but is not limited to, LiveData, LiveTrading, Sportradar Trading Services, BetVision, and In-Play MultiBet streaming services, including but not limited to the product marketed under the trade names em-Bet, Live Channel Trading, Live Channel Online, Live Channel Promotion, Live Channel Retail, Live Channel Retail Flex, Mixed Reality Streams, and Sportradar OTT, including any equivalent or substantially similar products, any prior versions, as well as any other products or services that have functionalities that are the same or essentially the same as that described in Plaintiff's Infringement Contentions.

6. As used herein, "prior art" means any documents, event, thing, or subject matter of the type set forth in or relevant under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

Page 2

7. As used herein, "Answer," "Defenses," and "Counterclaims" means any answer, including any affirmative defenses and counterclaims, filed by Sportradar in this action.

8. As used herein, "vendor" means supplier, seller, manufacturer or distributor.

9. As used herein, "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of translations, notations, or markings) or any and all other written, printed, typed, punched, taped, filmed, or graphic matter or recorded or tangible thing, or whatever description, however produced or reproduced (including computer-stored or generated data, together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and each draft thereof. The term document shall specifically include all recorded or retrievable electronic data or communications such as electronic mail (e-mail) and the like and all translations thereof.

10. As used herein, "thing" refers to any tangible object, other than a document, and includes objects of every kind and nature, including, but not limited to, prototypes, models, and specimens.

11. As used herein, "communication" means any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by Telex, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant

Page 3

messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

12. As used herein, "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; and the use of a verb in any tense shall be construed as the use of that verb in all other tenses.

13. As used herein, the words "or," "and," "all," "every," "any," "each," "one or more," "including," and similar words are intended merely as guidance and should not be construed as words of limitation. The word "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and "one or more" shall include each other whenever possible to expand, not restrict, the scope of the Request.

14. As used herein, "including" means "including, but not limited to."

15. As used herein, "related to" or "relating to" mean containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting, or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

16. The foregoing definitions are not to be construed as setting forth the meaning or construction of any term as it may be used in the Patents-in-Suit.

Page 4

## CATEGORIES OF DOCUMENTS RESPONSIVE TO SECTION 3(b)

### CATEGORY NO 1.

One copy of each of the Accused Products, as well as any products that include the same or similar features or functionalities identified in Plaintiff's Infringement Contentions, capable of execution and including all optional features or services. Plaintiff reserves the right to seek additional copies as discovery progresses in this action.

### CATEGORY NO 2.

Documents sufficient to identify each individual involved in the design, research, development, and/or testing of each version of each Accused Product.

### CATEGORY NO 3.

All documents, things, and communications that refer or relate to the design, research and development, operation, testing, structure, use, or function of all versions of each Accused Product, including, but not limited to, technical specifications, software and/or hardware architectures, technical and business roadmaps, source code, user guides, readmes, invention disclosure forms, debugging logs, prior art searches and search results, patentability investigations, and patent-review-meeting minutes.

### CATEGORY NO 4.

All brochures, product manuals, installation and operation manuals, readmes, wikis, or user guides for each of the Accused Products.

### CATEGORY NO 5.

Documents sufficient to describe all components, modules, hardware, and software that may be included in, provided with, or used by any of the Accused Products.

Page 5

**CATEGORY NO 6.**

All source code for each version of each Accused Product, including but not limited to source code for managing, controlling, supporting, updating, patching, or monitoring each 1) Accused Product; 2) the computers that store or run the Accused Products, and 3) computer object and/or processes monitored by the Accused Products.

**CATEGORY NO 7.**

Documents sufficient to identify each version of each Accused Product.

**CATEGORY NO 8.**

Documents sufficient to show the design, operation, architecture, and function of each version of each Accused Product.

**CATEGORY NO 9.**

Documents sufficient to describe each customer or user of each Accused Product, including the name, address, products supplied, licensed, sold or used by each customer, and the date(s) each product was supplied, licensed, sold or used by each customer.

**CATEGORY NO 10.**

All communications between You and any customers, potential customers, or users of any Accused Product, including communications relating to this lawsuit, Plaintiff, Asserted Patents, or Accused Products. This request includes, but is not limited to, videos, presentations, advertisements, press releases, blog entries, pitch materials, drafts, e-mails, communications, or other materials related to all such proposals, presentations, conferences, or marketing materials.

Page 6

**CATEGORY NO 11.**

Documents sufficient to show which modules, features, and functionality of each Accused Product is purchased, downloaded, installed, and/or used by each customer of each Accused Product.

**CATEGORY NO 12.**

All documents, things, and communications between You and each customer or user of any of the Accused Products, including all customer reviews, complaints, feedback, instructions, and suggestions for improvement related to each Accused Product.

**CATEGORY NO 13.**

All documents and things concerning any comparisons between any of the Asserted Patents and the Accused Products.

**CATEGORY NO 14.**

All documents and things concerning any comparisons between any of the Accused Products and any of Plaintiff's products, including but not limited comparisons of any functionality of an Accused Product with any functionality of any of Plaintiff's products.

**CATEGORY NO 15.**

Any documents or communications mentioning or concerning this lawsuit, Plaintiff, or Asserted Patents.

**CATEGORY NO 16.**

All documents and things concerning any alleged design arounds, non-infringing alternatives, or any attempts to avoid the asserted claims of the Asserted Patents.

Page 7

**CATEGORY NO 17.**

All documents and things concerning analysis, evaluation or opinion relating to whether any of the Accused Products infringe any asserted claim of the Asserted Patents, including whether any use, sale, or offer for sale, license, importation, or instructions related to or involving the Accused Products may infringe.

**CATEGORY NO 18.**

All documents and things concerning analysis, evaluation, or opinion relating to the validity of any asserted claim of the Asserted Patents.

**CATEGORY NO 19.**

All documents and things that support, contradict, concern or tend to make more or less probable Your validity or invalidity allegations concerning any of the Asserted Patents, including any documents or things concerning any objective indicia of non-obviousness for any asserted claim of the Patents-in-Suit.

**CATEGORY NO 20.**

All documents and things concerning or comprising all or any part of an alleged prior art document, tangible item or item of information that You contend anticipates, renders obvious, or otherwise renders invalid any asserted claim of the Asserted Patents, whether alone or in combination.

**CATEGORY NO 21.**

All documents and things supporting, contradicting, or otherwise concerning any contention that Plaintiff's Complaint fails to state a claim upon which relief may be granted, including your contention that the Asserted Patents are not patentable under 35 U.S.C. § 101, or for any other reason.

Page 8

**CATEGORY NO 22.**

All opinions or advice of counsel prepared by or on behalf of Sportradar or received by Sportradar concerning the validity, invalidity, infringement, noninfringement, enforceability, or unenforceability of any of the Asserted Patents, including all documents identified therein or otherwise referred to or used to prepare such opinions or advice of counsel.

**CATEGORY NO 23.**

All documents and things that relate to, concern, or tend to make more or less probable any contention regarding the determination of damages for infringement of any of the Asserted Patents.

**CATEGORY NO 24.**

All documents and things sufficient to show profit and revenue data—including the number and types of units sold/licensed, price per unit, gross and net dollar sales, profit margins, and costs of goods sold—on at least a quarterly basis for each of the Accused Products.

**CATEGORY NO 25.**

All documents and things concerning estimated, projected, forecasted, or analysis of future sales, revenue, profits, demand for, growth potential, and/or competitors for each of the Accused Products.

**CATEGORY NO 26.**

All documents and things relating to the value, pricing, benefits, and/or advantages of each feature or module of the Accused Product, including without limitation any component of or application for each Accused Product.

Page 9

### CATEGORY NO 27.

All Documents concerning, referring, or relating to past, present, or future royalties, license fees, and/or other payments paid by or to You under any patent licenses that include the Accused Products.

### CATEGORY NO 28.

All documents and things relating to each and every contract, purchase agreement, purchase order, license agreement, assignment, grant of rights, or other agreement concerning an Accused Product, including all documents and things concerning the terms of such agreement, enforcing the terms of such agreement, or making payments under such agreement.

### CATEGORY NO 29.

All documents and things concerning Your knowledge of the Asserted Patents, including the circumstances under which You first received notice of the Asserted Patents and any prior art searches.

### CATEGORY NO 30.

All documents concerning your knowledge of the prior art for each of the Asserted Patents, including documents showing: 1) all known prior art; 2) when each prior art was first discovered; 3) how each prior art reference was discovered; 4) any descriptions of any prior art searching conducted and the results of those searches; and 5) any documents allegedly supporting or refuting why this prior art was not or could not have been identified prior to the filing of any related *inter partes* review petitions.

### CATEGORY NO 31.

Documents sufficient to describe Your corporate and personnel structure including organizational charts, from 2017 to the present.

Page 10

**CATEGORY NO 32.**

All documents and things relating to any investigation or test conducted by any scientist, expert, or consultant retained by You, individually or collectively, in connection with the above-captioned action.

**CATEGORY NO 33.**

All documents that You considered, reviewed or relied upon to prepare Your Answer, Defenses, and Counterclaims.

**CATEGORY NO 34.**

All documents and things considered, identified or referred to in, or relied upon in connection with preparing, Your responses to any interrogatories served by Plaintiff.

**CATEGORY NO 35.**

All documents and things that You may use as an exhibit in any trial, hearing, submission to the court or deposition in the above-captioned action.

**CATEGORY NO 36.**

All documents and things that have been disclosed to or reviewed by any person You expect to call as a witness in this action (including both fact and expert witnesses) at any deposition, hearing, or trial.

**CATEGORY NO 37.**

Documents relating to Your policies, practices, and procedures whether formal or informal, regarding the generation, retention, and destruction of documents.

**CATEGORY NO 38.**

All documents and materials that You use to train Your sales team relating to any Accused Products.

Page 11

**CATEGORY NO 39.**

All of your Board of Directors meeting minutes.

**CATEGORY NO 40.**

All documents and things relating to any competitive analysis or analysis of competitors' products performed by or on behalf of You, or any third party.

**CATEGORY NO 41.**

All communications between You and any third parties related to or concerning this lawsuit, including communications with any person or entity that received a subpoena in this matter.

**CATEGORY NO 42.**

All communications and agreements with any other party concerning any alleged common defense agreement concerning this lawsuit or any related lawsuit.

**CATEGORY NO 43.**

All communications and documents with any third parties concerning any alleged invalidity arguments for any of the Asserted Patents, including any actual or contemplated *inter partes* review petition or proceeding or any other Patent Office proceeding.

**CATEGORY NO 44.**

All agreements and potential agreements with any professional sports or gaming network, including but not limited to National Basketball Association (NBA), National Football League (NFL), Major League Baseball (MLB), National Hockey League (NHL), the National Collegiate Athletic Association (NCAA), NASCAR, Formula One, and the English Premier League.

Page 12

**CATEGORY NO 45.**

All documents and communications concerning any of the agreements responsive to Request for Production No 44.

**CATEGORY NO 46.**

All documents and communications showing the negotiations of any of the agreements responsive to Request for Production No 44.

**CATEGORY NO 47.**

All documents and communications showing the revenue receive from or paid in accordance to any of the agreements responsive to Request for Production No 44, including payments made to any professional sports league.

**CATEGORY NO 48.**

All documents showing Your share of Watch & Bet market.

**CATEGORY NO 49.**

All documents showing Your share of online sports gambling market.

**CATEGORY NO 50.**

End User License Agreements for each Accused Product.

**CATEGORY NO 51.**

Documents sufficient to show the location and control over each server that runs or hosts any component of an Accused Product.

**CATEGORY NO 52.**

Customer lists for each Accused Product.

Page 13

**CATEGORY NO 53.**

Any and all spreadsheets or documents that show monthly, quarterly, and yearly revenue, profits, costs, and price of each Accused Product.

**CATEGORY NO 54.**

All documents, things, and communications detailing Your actual financial, marketing, sales and manufacturing capacity including without limitation available lines of credit, cash balances, historical and actual manufacturing, labor, marketing, and sales capacity, consideration of target customers, evidence of customer reach, and costs to develop, market and sell each Accused Product.

**CATEGORY NO 55.**

All documents, correspondence or communications between You and any customer or prospective customer of Plaintiff with respect to the Accused Products, Plaintiff's Product, or other related products, including documents detailing any party indicating that You and Plaintiff were competing for the same business and who ultimately won the business.

**CATEGORY NO 56.**

All documents, things, and communications regarding You providing or administering services, including technical support or information, to third party providers or users of the Accused Products in the United States.

**CATEGORY NO 57.**

All documents, things, communications, and agreements with any of Your competitors or potential competitors, including but not limited to Genius Sports Ltd., or any of their affiliates or predecessors.

Page 14

**CATEGORY NO 58.**

All documents and things that refer or relate to Your organizational structure that are sufficient to identify the names and titles of all employees in research and development, engineering, testing, marketing, and sales departments of each Accused Product.

**CATEGORY NO 59.**

All documents, things, and communications concerning Your commercial, business, and legal relationship with any professional sports or gaming network, including but not limited to National Basketball Association (NBA), National Football League (NFL), Major League Baseball (MLB), National Hockey League (NHL), the National Collegiate Athletic Association (NCAA), NASCAR, Formula One, and the English Premier League has with You, including but not limited to those described in the following:

- https://sportradar.com/unlock-the-ultimate-mlb-solution-with-sportradar/
- https://sportradar.com/the-nba-and-sportradar-announce-landmark-long-term-global-partnership/
- https://sportradar.com/sportradar-connect-f1-edition/
- https://sportradar.com/about/partners-clients/
- https://www.sportspromedia.com/news/nba-sportradar-betting-data-streaming-equity-worth/
- https://www.sportsbusinessjournal.com/Journal/Issues/2022/11/28/Upfront/NBA-Equity.aspx#:~:text=The%20deal%2C%20which%20begins%20with,the%20course%20of%20the%20agreement.&text=and%20joined%20by%20the%20NBA,Sports%20Corp.%2C%20and%20others.
- https://theathletic.com/3760459/2022/11/07/nba-launchpad-tech-program/

Page 15

- https://www.nhl.com/news/nhl-sportradar-10-year-partnership-325502590
- https://sports.yahoo.com/nhl-purchases-10m-sportradar-shares-200035425.html
- https://www.mlb.com/press-release/mlb-and-sportradar-announce-official-exclusive-global-partnership
- https://www.sportsbusinessjournal.com/Daily/Closing-Bell/2021/03/24/Genius-MLB.aspx

**CATEGORY NO 60.**

All documents, things, and communications concerning Your commercial, business, and legal relationship with any gaming or sports betting entity, including but not limited to BetMGM, Caesars, and any affiliates or predecessors, including but not limited to those described in the following:

- https://investors.sportradar.com/news-releases/news-release-details/betmgm-announces-official-partnership-expansion-sportradar
- https://sportradar.com/about/partners-clients/

**CATEGORY NO 61.**

All documents and things concerning or related to your business, financial, and legal relationship with Genius Sports Ltd. (including any affiliates or predecessors).

**CATEGORY NO 62.**

All non-public documents and things concerning your litigation with Genius Sports and FootballData Co (*see, e.g.,* https://investors.sportradar.com/node/7396/pdf), including but not limited to: deposition transcripts, expert reports, discovery responses, briefing filed under seal, and discovery responses.

Page 16

### **CATEGORY NO 63.**

All non-public documents and things concerning your settlement or resolution of the litigation with Genius Sports and FootballData Co (*see, e.g.,* https://investors.sportradar.com/node/7396/pdf), including but not limited to any agreements and documents evidencing the negotiations thereof.

### **CATEGORY NO 64.**

All communications with Genius Sports Ltd. (including any affiliates or predecessors).