# Exhibit C



Mark D. Siegmund
MSiegmund@cjsjlaw.com

October 23, 2024

James Lomeo
Kirkland & Ellis LLP
401 Congress Avenue
Austin, Texas 78701
*Via Email*

Dear Jim:

On behalf of Sportscastr, Inc. doing business as PANDA ("PANDA"), I write in response to two issues: 1) Defendants' opposition to PANDA's Motion to Compel Production of Documents and Interrogatory Responses concerning "LIV products"; and 2) Defendants' interrogatory responses to PANDA's first set of interrogatories. As set forth below, PANDA requests Defendants' supplement its responses to these interrogatories by November 1, 2024. Otherwise, please provide your availability to meet and confer. Supplementation is particularly needed given the new entities added to the case by PANDA's Second Amended Complaint.

Below, PANDA has endeavored to articulate why Defendants' responses are deficient. For the avoidance of doubt, any deficiency that PANDA may have missed is not a waiver of PANDA's right to raise the deficiency with Defendants at a later time.

**"LIV Products"**

In Genius's opposition brief, Genius coins the term "live-video streaming products ('LVS Products')" for the first time and proceeds to argue that it has met its discovery obligations by producing financial information only for these products. As an initial matter, Genius appears to concede that it has not produced financial information for all the Accused Products that are expressly identified in the PANDA's infringement contentions, let alone additional products, services, and platforms that may be implicated and for which discovery is warranted. This is improper. *See epicRealm Licensing LLC v. Autoflex Leasing, Inc.,* C.A. No. 5:07-cv-125, -126, -135, Dkt. No. 419, at *15 (E.D. Tex. Nov. 20, 2007); *see also* Sycamore IP Holdings LLC v. AT&T Corp., No. 2:16-CV-588-WCB, 2017 WL 3719978, at * 2 - *3 (E.D. Tex. May 22, 2017) (rejecting defendant's argument that damages information should be limited to only components that do not practice the patents). ***Please confirm immediately whether Genius limited only its financial production to a subset of the Accused Products (i.e. "LVS Products") or whether Genius also limited its document and source code production as well.***

Furthermore, the two premises for your argument—(1) that only a subset of the Accused Products have a video component; and (2) that the Asserted Patents are limited to live video products—are both incorrect. As to (1), our understanding based on the production to date and as set forth in our infringement contentions is that the various products and services are all part of the same Genius system, including sharing the same backend components. Genius confirms as much

Mr. James Lomeo
October 23, 2024
Page 2



in its interrogatory responses where it states that ███████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████ ██████

███ This admission is fatal to Genius's position. Genius cannot deny discovery for components or features of the accused instrumentalities. *See epicRealm Licensing LLC v. Autoflex Leasing, Inc.,* C.A. No. 5:07-cv-125, -126, -135, Dkt. No. 419, at *15 (E.D. Tex. Nov. 20, 2007); see also Sycamore IP Holdings LLC v. AT&T Corp., No. 2:16-CV-588-WCB, 2017 WL 3719978, at * 2 - *3 (E.D. Tex. May 22, 2017) (rejecting defendant's argument that damages information should be limited to only components that do not practice the patents).

In fact, the claims include at least system claims and are therefore infringed by the entire Genius system, products, and services once that system is made and configured, regardless of whether each feature of the system is used. And at a minimum, having a complete view of the infringing products, services, and systems is required for PANDA to perform its own apportionment, convoyed sales, valuation, lost profits, and licensing analysis.

As to (2), in addition to the reasons above, we note that several asserted claims do not even mention "video" and thus Genius does not appear to even have a prima facie case. For example, Claim 19 of the '687 patent does not refence video in any part of the claim. Therefore, while PANDA disagrees there is any basis to narrow assertions to only video based platforms or systems, but even if that were a valid argument, it is clearly refuted.

As noted below, we now have significant concerns that Genius's documents productions and source code has been artificially and incorrectly limited (in addition to the financial document production). Therefore, please immediately confirm whether Genius has produced and is producing all relevant discovery for all the Accused Products.

**Interrogatory No. 1.**

This interrogatory requests that Genius identify the persons most knowledgeable, including at least 5 current employees, about each Accused Product, which shall include the person or persons most knowledgeable about topics including sales and marketing. Genius has not identified at least 5 current employees. Nor has it identified anyone knowledgeable about the marketing of the Accused Products.

In addition, you qualify ████████████████████████████████████████████
████████████████████ Please identify which Accused Products and, for any products he is not knowledgeable on, please identify someone else that is knowledgeable for that product on those topics.

Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**Interrogatory Nos. 2 and 3.**

Mr. James Lomeo  
October 23, 2024  
Page 3



      Interrogator No. 2 requests that Genius "Identify each Accused Product by product name, product code, internal product name, version, features, or any other formal or informal designation, whether for internal or external purposes."

      Interrogatory No. 3 further seeks an identification of "all Accused Products as well as any other product(s), bundle(s), or service(s) developed, made, sold or offered for sale, used, licensed, or otherwise provided or made available by You during the Relevant Time Period that provide Accused Functionalities, including the date when each was developed and released."

      While Genius has provided descriptions for several accused products, its responses for several are equivocal. [REDACTED] Genius has also failed to provide any information regarding versions of the Accused Products.

      In addition, Genius contends in response to Interrogatory No. 2 that [REDACTED] However, Genius has failed to identify any such products or services (as well as any bundles that include those products or services) that include these [REDACTED] Please therefore identify the product(s), services, and bundles that Genius contends include any of the [REDACTED] that Plaintiff identifies or refers to in its detailed infringement contentions.

      In addition, please identify all combinations of products and services that are offered, sold or used with, interface with, provide functionality for, or otherwise bundled or used with any of the Accused Products. While we understand that Genius intends to inject non-infringement arguments concerning how it contends its products are designed (*see, e.g.,* Genius Response to Interrogatory No. 6), those arguments are irrelevant for discovery purposes. PANDA is entitled to a full disclosure of how ***all*** the Accused Products and Accused [REDACTED] are designed and used, including combinations of such products and features. Genius is not permitted to unilaterally limit discovery because it contends certain products or features could not infringe according to its arguments as to the scope of the patents and claims.

      Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**<u>Interrogatory No. 4</u>**

      This interrogatory requests information concerning Genius's awareness of the Asserted Patents. While Genius has provided some of the requested information, Genius has not completely answered the interrogatory. For example, Genius has not described the actions taken as a result of becoming aware of the Asserted Patents, any details of any investigation into the Asserted Patents,

Mr. James Lomeo
October 23, 2024
Page 4



or who is the most knowledgeable about Genius's investigation. Moreover, Genius's response does not address its knowledge of the '088 Patent since Genius appears to only reference an October 3, 2023 email.

Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**<u>Interrogatory No. 5</u>**

PANDA is requesting information concerning agreements to which Genius is a party that relates to the development, creation, importation, license, sale, etc. of the Accused Products. This interrogatory also requests the identification of the persons most knowledgeable about these agreements. Genius has not identified any individuals who are the most knowledgeable about the agreements it has identified. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ To the extent Genius is withholding or not producing agreements because ▮▮▮▮▮▮▮▮▮▮ this is improper. Genius appears to understand the contentions sufficient enough to identify the ▮▮▮▮▮▮▮▮▮▮ of its products in responding to certain interrogatories.

In addition, Genius has not identified any of its data rights, distribution agreements, revenue sharing, and other compensation through which revenue from the Accused Products or associated therewith is affected. If you are refusing to produce those agreements or identify them, please confirm now so that we can seek the Court's assistance.

Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**<u>Interrogatory No. 6</u>**

Interrogatory no. 6 seeks Genius's non-infringement positions. As an initial matter, Genius provides an objection that this is "premature." That position directly contradicts Genius's position regarding many of its interrogatories and PANDA's responses. Moreover, unlike Genius's complaints, here Genius has all the information it needs and is in the best position to provide the reasons why it contends it does not infringe any of the asserted patents.

In addition, Genius's response simply comprises repetitive statements that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Genius does not explain why any of the

Mr. James Lomeo
October 23, 2024
Page 5



Accused Products do not meet any limitation. If Genius has an argument as to why its products, including the specific ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ it concedes have been identified in PANDA's infringement contentions, do not infringe or practice a claim element, Genius must explain them.

Please confirm that Genius will supplement its response by October 28. If you do not, PANDA will assume that Genius will limit its arguments to a failure to the failure of proof arguments noted above, and that Genius does not have any substantive arguments as to why the identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ do not infringe. PANDA will of course seek to preclude late disclosures of any other substantive theories as prejudicial and untimely.

**Interrogatory No. 7**

Interrogatory Number 7 requests information concerning non-infringing alternatives. First, Genius blames PANDA because of a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Not only is this false, but Genius has not moved to strike Plaintiff's infringement contentions or alleged they are deficient under the local rules. Sufficient disclosure and identification of non-infringing alternatives lies squarely upon Genius. *See Godo Kaisha IP Bridge 1 v. Broadcom Limited, 2:16-cv-00134,* 2017 WL 2869344, at *2-3 (E.D. Tex, Apr. 20, 2017). Additionally, identification and disclosure of non-infringing alternatives are not permitted to be left for rebuttal expert reports and the factual information must be identified prior to opening expert reports. *See Id.* Finally, Genius has not provided any specific non-infringing alternative or design around nor any costs associated with such a design-around. Instead, it simply regurgitates the claim elements and states that a system without those claim elements would not infringe. Genius does not address the Accused Products or explain what features it contends could be changed, added, or removed so as to no longer infringe.

Please confirm that Genius will supplement its response by November 1. If you do not, PANDA will assume that Genius will limit its arguments to the level of disclosure set forth in its responses, and that Genius does not have any arguments about how the Accused Products could be modified, redesigned, or otherwise altered so as to constitute non-infringement alternatives to the infringing products and configurations. PANDA will of course seek to preclude late disclosures of any other substantive theories as prejudicial and untimely.

**Interrogatory No. 8**

This interrogatory requests information concerning the history of the Accused Products, including the release dates for each version, when functionality was added, the identity of the entity that has designed or developed the accused products, and the physical locations of such entity. Genius has not provided any substantive response and simply pointing to its source code production is inadequate and not in compliance with the Federal Rules of Civil Procedure. Please provide a narrative description as requested by this interrogatory, including the identification of each entity that has made design changes or developed the Accused Products, their locations, and when versions were released.

Mr. James Lomeo
October 23, 2024
Page 6



Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**Interrogatory No. 9**

Interrogatory number 9 requests information concerning revenue, cost, profit, number of units sold, price, etc. concerning the sale, license, or offer to sale of the Accused Products. Genius's current response, as detailed in PANDA's pending motion to compel, is clearly deficient. Genius's inexplicable refusal and delay in producing adequate financial information is severely prejudicing PANDA's ability to prepare its case. ▮▮▮▮▮ Genius must produce all financial information for the Accused Products as detailed in PANDA's infringement contentions. However, Genius has not provided detailed revenue, cost, profit, or sales data, and Genius's ▮▮▮▮▮ It is very apparent that ▮▮▮▮▮ which is entirely improper. As PANDA requests in its motion to compel, please immediately supplement this interrogatory.

**Interrogatory No. 10.**

This interrogatory requests information concerning the "projected or anticipated financial performance of each Accused Product." Genius's current response is clearly deficient for several reasons. First, Genius has not "described" the projected or anticipated financial performance or projected revenues for its Accused Products, as required by this interrogatory. Second, Genius has not provided any documents that detail any projections or forecasts concerning sales and/or license revenue for the Accused Products. Additionally, ▮▮▮▮▮

Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**Interrogatory No. 11.**

Interrogatory No. 11 seeks a description of the source code that has been produced. Genius's response indicates that the source code for several accused products may not have been produced. For example, Genius concedes in its prior interrogatory responses that ▮▮▮▮▮ Please confirm that ***all*** source code for these products, including all code for any backend or frontend systems that use or interface with these products (or otherwise enable or provide services or functionality for those products), as well as the code for any other products or services that work, interface, or otherwise uses these products or code,



Mr. James Lomeo
October 23, 2024
Page 7

has been produced. If that code is already produced, please identify which additional code correspond to these products.



**Interrogatory No. 12**

Interrogatory number 12 requests Genius to identify and describe the first sale, first offer for sale, first license, etc. of each of the Accused Products. Genius's response is woefully deficient. Genius has not provided any clear dates for the first sale of each of the Accused Products, and it certainly has not provided the identification of the beginning and ending dates for each of the Accused Products. Moreover, when a feature was added to a version of the source code does not explain when that version of the source code was first offered for sale or use. Such information is clearly relevant to infringement and damages. Indeed, Genius continues to request PANDA

Mr. James Lomeo
October 23, 2024
Page 8



supplements its discovery responses with this same information, even though only Genius has the information. And of course, merely citing to agreements with customers is insufficient and unclear.

Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**Interrogatory No. 13**

This interrogatory requests information concerning whether and when any of the features identified in the infringement product were added to Accused Products, and the date of first sale etc. of products that included those features. Genius's response is clearly deficiency as it does not identify any features let alone provide the requested information for those features. Moreover, Genius uses vague assertions like features were provided ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ without identifying any actual dates or products. And of course, as noted above, Genius cannot rely on fabricated complaints about Plaintiffs' infringement contentions to avoid answering this discovery. Indeed, Genius has taken the opposite position in demanding that PANDA supplement its interrogatory responses.

Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**Interrogatory No. 14**

This interrogatory requests information concerning whether there are any differences between the current versions of the Accused Products and prior versions that Genius intends to rely on to argue non-infringement for any prior versions of the Accused Products. Genius has not provided any response, other than to repeat its prior non-infringement arguments, as well as its manufactured complaints about PANDA's infringement contentions. Neither response is appropriate, nor do they absolve Genius's obligation to provide information about its non-infringement arguments based on different versions of the Accused Products. Indeed, Genius has taken the opposite position in demanding that PANDA supplement its interrogatory responses.

Please confirm that Genius will supplement its response by November 1 or provide a date this week (10/21-10/25) for when you are available to meet and confer.

**Interrogatory No. 15**

This interrogatory requests information concerning Defendants' relationship with each major sports league. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ In the Eastern District of Texas, where a plaintiff has adequately named a system, at a minimum, the plaintiff is entitled to all discovery for that system. *epicRealm Licensing LLC v. Autoflex Leasing, Inc.,* C.A. No. 5:07-cv-125, -126, -135, Dkt. No. 419, at *15 (E.D. Tex. Nov. 20, 2007). This includes all functionalities of the accused system or product. Thus, Defendants

Mr. James Lomeo
October 23, 2024
Page 9



limitation on identifying information for this interrogatory is improper, especially considering the Court's local rules, such as P.R.3-4(a).

    Genius refusal to provide basic information is prejudicing PANDA's ability to adequately prepare its case. We look forward to working with you to resolve these issues quickly.

    Sincerely,

    CHERRY JOHNSON SIEGMUND JAMES, PLLC

    Mark D. Siegmund