# Exhibit D

# KIRKLAND & ELLIS LLP

James John Lomeo
To Call Writer Directly:
+1 512 355 4316
james.lomeo@kirkland.com

401 Congress Avenue
Austin, TX 78701
United States

+1 512 678 9100

www.kirkland.com

Facsimile:
+1 512 678 9101

January 2, 2025

**By E-mail**

Matthew Wood
King & Spalding LLP
500 W. 2nd St.
Ste. 1800
Austin, TX 78701

Re: *SportsCastr Inc. (d/b/a PANDA Interactive) v. Genius Sports Ltd.*, No. 2:23-cv-471/472-JRG (E.D. Tex.) – December 23, 2024 Meet-and-Confer

Counsel:

Genius Sports writes to memorialize our December 23, 2024 meet-and-confer. During that meet-and-confer, we discussed: (1) the issues raised in PANDA's October 23, 2024 letter, which Genius Sports responded to on November 8, 2024; (2) the issues raised in PANDA's September 13, 2024 e-mail; and (3) the issues raised in Genius Sports' November 8, 2024 letter, and PANDA's November 13, 2024 response thereto.

## I.   PANDA's Interrogatories

At the outset, the parties discussed Mr. Siegmund's October 23, 2024 letter, which raised several concerns regarding Genius Sports' interrogatory responses. Although we provided a substantive and detailed response to that letter on November 8, 2024, the parties discussed each interrogatory during the conference.

**Interrogatory No. 1**:[1] Genius Sports confirmed that it will supplement its response to Interrogatory No. 1 to: (1) identify a person knowledgeable about marketing of the Accused Products; and (2) clarify the Accused Product each technical witness is knowledgeable about to

---

[1] PANDA Interrogatory No. 1 reads: Identify the persons most knowledgeable, including at least 5 current employees, about each Accused Product. Such identification shall include, with regard to each Accused Product, the person or persons most knowledgeable regarding the design, development, qualification, testing and use of each product; the underlying technology, the operation, architecture, features, and source code of each product; and the sales, marketing, customers, and technical support for each product. The identification should include the nature and timing of each person's involvement.

# KIRKLAND & ELLIS LLP

Matthew Wood
January 2, 2025
Page 2

the extent it is not all Accused Products. Genius Sports confirmed it would supplement its response to Interrogatory No. 1 by the end of January.

**Interrogatory Nos. 2[2] and 3[3]:** PANDA asked if Genius Sports would supplement Interrogatory Nos. 2 and 3 to clarify the names of the Accused Products and whether the Accused Products are stand-alone products or sold in combination with each other. Genius Sports stated that there appears to be confusion between the parties regarding the Accused Products because PANDA's contentions and interrogatories identify products by terms used in public facing material, but are not the names of products that Genius Sports actually sold or offered for sale. Genius Sports stated that it would supplement Interrogatory Nos. 2 and 3 to include a description of the software products that Genius Sports offers, including whether the products are stand-alone products or can be used in conjunction with other products. If a product can be used in combination with other products, Genius Sports agreed to identify such products and the combination. Genius Sports confirmed it would supplement its response to Interrogatory Nos. 2 and 3 by the end of January.

**Interrogatory No. 4**:[4] PANDA stated that it believes Genius Sports' response to Interrogatory No. 4 is deficient because Genius Sports' response does not identify when it became aware of all Asserted Patents and because Genius Sports' response does not identify actions Genius Sports has taken to change or alter anything in the Accused Products as a result of becoming aware of the Asserted Patents. Genius Sports agreed it would supplement its response to Interrogatory No. 4 to identify the date Genius Sports became aware of the '088 Patent, which we already identified to you in our November 8 letter. Regarding actions Genius Sports has taken to change or alter anything in the Accused Products as a result of becoming aware of the Asserted Patents, Genius Sports noted that request likely implicates privileged information. If there is any non-privileged information regarding actions Genius Sports has taken to change or alter anything in

---

[2] PANDA Interrogatory No. 2 reads: Identify each Accused Product by product name, product code, internal product name, version, features, or any other formal or informal designation, whether for internal or external purposes.

[3] PANDA Interrogatory No. 3 reads: Identify all Accused Products as well as any other product(s), bundle(s), or service(s) developed, made, sold or offered for sale, used, licensed, or otherwise provided or made available by You during the Relevant Time Period that provide Accused Functionalities, including the date when each was developed and released.

4 PANDA Interrogatory No. 4 reads: Describe in detail how Genius first became aware of the Asserted Patents. Your response to this Interrogatory should include an identification of the individuals who first became aware, when they first became aware, how they first became aware, and any action taken as a result of becoming aware of the Asserted Patents, including describing in detail all activities taken by you or on your behalf to investigate the Asserted Patents and the information you learned as a result of such investigation; when you learned that information, and from what source; the identity of the persons most knowledgeable of such investigation and knowledge; and the identity (by title, subject, author, and date) of all documents comprising, referring, or relating to such investigation and knowledge.

# KIRKLAND & ELLIS LLP

Matthew Wood
January 2, 2025
Page 3

the Accused Products in response to PANDA's allegations, Genius Sports will supplement its response to include such information.

**Interrogatory No. 5**:[5]  The parties agreed that PANDA's concerns with Genius Sports' response to Interrogatory No. 5 were resolved with the agreement the parties reached at the December 16, 2024 motion hearing.  Genius Sports reiterated it is collecting and will produce additional agreements in accord with that agreement by the end of January, and that Genius Sports will supplement its response to Interrogatory No. 5 to identify those agreements.

**Interrogatory Nos. 6[6] and 7[7]:** Regarding Interrogatory Nos. 6 and 7, which PANDA acknowledged are contention interrogatories regarding Genius Sports' non-infringement positions and non-infringing alternatives respectively, PANDA stated that it believes both parties should be supplementing their responses to contention interrogatories.  Genius Sports agreed and stated it would supplement its responses to PANDA interrogatory Nos. 6 and 7 to include additional non-infringement positions, particularly in light of source code citations PANDA recently included in its infringement contentions.  Genius Sports confirmed it would supplement its response to Interrogatory Nos. 6 and 7 by the end of January.

**Interrogatory No. 8**:[8] PANDA stated it was seeking a narrative description of the history of each Accused Product, including an identification of which Genius Sports entity developed

---

[5]     PANDA Interrogatory No. 5 reads: Identify every agreement to which you are a party that relates to the development, creation, manufacture, distribution, importation, license, sale, acquisition, transfer, installation, or use of each Accused Product.  Your response to this Interrogatory should include identification of all agreements relating to the Accused Products, the identity of the parties to the agreement and the date of its execution, and the identity of the persons most knowledgeable about such agreements.

[6]     PANDA Interrogatory No. 6 reads:  If you contend that any of the Accused Products do not infringe, either literally or under the doctrine of equivalents, an asserted claim of the Asserted Patents, describe, in detail, all bases for such contentions.  This description should include an indication of each specific claim limitation and claim term of the Asserted Patents you contend is not present in each Accused Product, an explanation for why it is not present, an identification of any document, information, or tangible item that supports, refutes, or otherwise concerns your contentions with respect to each asserted claim, and an identification and explanation of all legal theories on which you may rely to support your contentions.

[7]     PANDA Interrogatory No. 7 reads:  Describe in detail all design-arounds or non-infringing alternatives for any claim of the Patents-in-Suit. This description should include any actual design-around, all discussions, evaluations, plans, or attempts to design around, and any decisions not to design around any claim of any of the Asserted Patents, the cost (including both the resources to implement and the technical disadvantages) associated with the design around or non-infringing alternative, as well as the dates of any related activities or contemplated activities.  In so doing, please identify each element of each claim of the Asserted Patents that you contend is missing from each such design-around or non-infringing alternative.

[8]     PANDA Interrogatory No. 8 reads:  Provide a detailed description of the history of each of the Accused Products, including the release dates for each version, the functionality added, removed, or changed in each such version and the reason for any functionality added, removed or changes made in each such version.  Such description shall include identification of each entity that has ever designed, developed, sold, licensed, marketed, and/or distributed each of the Accused Products.  The identity of each entity should include the physical locations

# KIRKLAND & ELLIS LLP

Matthew Wood
January 2, 2025
Page 4

and/or designed each Accused Product. Genius Sports agreed to look into providing this information and stated it would do so by the end of January if it was able. PANDA also stated that this interrogatory aids PANDA in understanding changes that occurred in the source code that Genius Sports may rely on to prove non-infringement for specific timeframes, thereby limiting the damages period. ████████████████████████████████████████ ████████████████████████████████████████████████████████ and that Genius Sports will include any such non-infringement positions in response to PANDA's interrogatory No. 14, which expressly calls for such information. PANDA asked if Genius Sports would be willing to identify ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████ We expect to do that by the end of January.

**Interrogatory No. 9:**[9] PANDA stated it believed its concerns regarding Genius Sports' response to Interrogatory No. 9 were resolved with the agreement the parties reached at the December 16, 2024 motion hearing. Genius Sports agreed and noted that it plans on supplementing its response to Interrogatory No. 9 by the end of January to identify additional financials produced pursuant to the parties' agreement and other relevant information, if applicable.

**Interrogatory No. 10:**[10] PANDA stated it believed its concerns regarding Genius Sports' response to Interrogatory No. 10 were resolved with the agreement the parties reached at the December 16, 2024 motion hearing. Genius Sports agreed, and noted that it is Genius Sports' understanding that projections regarding the Accused Products, if done, were done on an ad-hoc basis and would not appear in non-custodial document repositories. Instead, any such

---

(e.g., addresses), the date ranges during which the entity designed, developed, sold, licensed, marketed, and/or distributed the Accused Product, and identify documents sufficient to corroborate the information provided in response to this Interrogatory.

9   PANDA Interrogatory No. 9 reads: Describe in detail all financial information associated with each Accused Product, from the time of the first release, sale or license, offer to sell or license, or transfer of each Accused Product until the present. Such a description shall include, without limitation, the date, location, customer, number of units, price, revenue, cost, and profit associated with each sale, license, offer to sell or license, or similar transaction involving any Accused Product; monthly, quarterly, and yearly average selling price and total units, revenues (net and gross), costs, and profits associated with sales or licenses of each Accused Product; and a detailed breakdown of the price, revenue, costs, and profits associated with each Accused Product and each feature of each Accused Product, on a monthly, quarterly, and yearly basis. Such description should also include the methods for calculating such figures and any assumptions underlying those calculations.

10   PANDA Interrogatory No. 10 reads: Describe in detail the projected or anticipated financial performance of each Accused Products. Such description shall include, without limitation, your projection or forecast for your total unit sales and/or licenses, revenues, and profits associated with each Accused Product. Your responses should include a breakdown by month, quarter, and year and describe your methods for calculating such figures, including any assumptions underlying those calculations.

**KIRKLAND & ELLIS LLP**

Matthew Wood
January 2, 2025
Page 5

projections would be produced alongside ESI production. To the extent any projections or forecasts regarding the Accused Products are located in non-custodial repositories, Genius Sports will produce and supplement its response to Interrogatory No. 10 to identify those documents by the end of January.

**Interrogatory No. 11:**[11] PANDA asked Genius Sports to confirm:  Additionally, Genius Sports agreed to supplement its response to Interrogatory No. 11 to identify where source code for specific products can be found in Genius Sports' source code production by the end of January. Genius Sports agreed to supplement its source code production on the same timeline.

**Interrogatory Nos. 12**[12] **and 13**[13]: PANDA asked if Genius Sports would supplement its response to Interrogatory Nos. 12 and 13 to identify the month and year of first sale for the Accused Products. Genius Sports stated it would supplement its response to identify the month and year of first sale for the Accused Products by the end of January.

**Interrogatory No. 14:**[14] The parties discussed PANDA's concerns regarding Interrogatory No. 14 alongside Interrogatory Nos. 6, 7, and 8. PANDA asked if Genius Sports would identify any changes that occurred in the source code that Genius Sports may rely on to prove non-infringement for specific timeframes, thereby limiting the damages period. Genius Sports

---

11      PANDA Interrogatory No. 11 reads: Describe each source code file, directory, and repository produced or made available in this case, including, without limitation, 1) which product and version the source code pertains to (including, for example if source code is used, accessed, or otherwise implicated by multiple products, an identification of each such product for that source code); 2) the date the source code was first used in a commercial product or was otherwise made publicly available; and 3) the operation or function performed by that source code.

12      PANDA Interrogatory No. 12 reads: Identify and describe the first sale, first offer for sale, first public use, first disclosure, first promotional activity, and/or first manufacture of each of the Accused Products, including the identification of the beginning and ending (if applicable) dates for each of the Accused Products, along with the documents used to develop your response.

13      PANDA Interrogatory No. 13 reads: If an infringing feature(s) as identified in Plaintiff's infringement contentions was added to an existing product, identify and describe the date of first sale, first offer for sale, first public use, first disclosure, first promotional activity, and/or first manufacture of the product(s) or service(s) with each infringing feature as set forth in Plaintiff's infringement contentions along with the documents used to develop your response.

14      PANDA Interrogatory No. 14 reads: Identify and describe any differences between the latest version of each of Accused Product produced by You in this case and any prior versions commercially sold or licensed in the United States since October 2017 that you contend provide a separate and distinct non-infringement argument for either the latest version of the product compared to any earlier version of the product, or any earlier version of the product compared to the latest version of the product.

**KIRKLAND & ELLIS LLP**

Matthew Wood
January 2, 2025
Page 6

confirmed it would and also noted that Genius Sports expects to supplement its responses to contention interrogatories as discovery continues to develop and progress. Nonetheless, to the extent Genius Sports is currently aware of any such changes in source code it intends to rely on for non-infringement, Genius Sports agreed to supplement its response to Interrogatory No. 14 to identify those changes by the end of January.

**Interrogatory No. 15:**[15] PANDA asked whether



**Other Items Raised by PANDA:** PANDA asked whether Genius Sports will produce usage data for the Accused Products. *See* 12/13/2024 Email from P. Lafferty. Genius Sports stated that it is not refusing to produce "usage" statistics;

## II.   Disputes Raised by Genius Sports

As is apparent from the below, PANDA was not prepared to discuss the issues raised with respect to PANDA's document production raised in Genius Sports' November 8 letter. We look forward to PANDA's January 8 follow-up on these outstanding issues.

**ESI Email Domains:** Genius Sports stated that based on PANDA's production to date, PANDA's employees use multiple email addresses to conduct business. Genius Sports asked if

---

15   PANDA Interrogatory No. 15 reads: Describe your relationship (legal, financial, and business) with each major sports league (e.g., National Basketball Association (NBA), National Football League (NFL), Major League Baseball (MLB), National Hockey League (NHL), the National Collegiate Athletic Association (NCAA), NASCAR, Formula One, and the English Premier League)), including any partnership with, or ownership interest any such league has in, You or the Accused Products, any contracts or agreements with any such league, and any exclusive rights or license arrangements with any such league.

# KIRKLAND & ELLIS LLP

Matthew Wood
January 2, 2025
Page 7

PANDA was planning to search all such email domains in forthcoming ESI productions. PANDA confirmed it was.



**Metadata:** Genius Sports noted that all documents are missing the "document type" metadata field and a substantial number are missing the "created date" metadata field. PANDA stated it would investigate these issues and issue a corrective overlay file, if necessary.

**PANDA's Response to Genius Sports' Interrogatory No. 13:**[16] The parties discussed PANDA's response to Genius Sports' Interrogatory No. 13. PANDA stated it believed it had provided a lengthy supplement to Interrogatory No. 13. Genius Sports stated it has not received a supplement to Interrogatory No. 13. PANDA agreed to investigate whether it had provided a supplemental response to Interrogatory No. 13 and provide a supplemental response by January 8. Genius Sports noted that PANDA recently served PANDA's Interrogatory No. 27, which asks Genius Sports to respond to PANDA's response to Genius Sports Interrogatory No. 13 and that Genius Sports will likely need an extension responding to that Interrogatory depending on the supplement that PANDA provides to Genius Sports' Interrogatory No. 13 on January 8. PANDA agreed, noting that the parties have worked cooperatively in the past regarding extensions for discovery responses.

**PANDA's Document Production:** In PANDA's November 13 letter, it stated "PANDA [] considers its document production substantially complete" and even suggested "the parties agree that, by November 27, [2024,] each party will file a certification (signed by lead and local counsel) that the parties' respective document productions are substantially complete." *See* 11/13/2024 Ltr. from M. Wood. Given that representation, Genius Sports understood that PANDA's document production was complete and was surprised not to find certain documents in PANDA's production. However, during the December 23, 2024 meet-and-confer, PANDA walked back its statement that its production was substantially complete.

---

[16] Genius Sports' Interrogatory No. 13 reads: Describe in detail the complete factual and legal basis for Your claim that You are entitled to monetary relief, including but not limited to damages, from Genius Sports, including each legal theory under which such monetary relief is sought, an itemization of damages sought under each legal theory, the calculations supporting all monetary relief that You claim, and an identification of each Person with knowledge of, and all Documents relating to, the foregoing.

# KIRKLAND & ELLIS LLP

Matthew Wood
January 2, 2025
Page 8

Given this reversal, Genius Sports asked PANDA to review our November 8 correspondence and advise: (1) whether it has completed its search for documents responsive to those requests; (2) if it has completed its search and produced documents, identify them by Bates because we have been unable to locate them; and (3) confirm whether it is withholding any documents or refusing to search for any category of documents. PANDA agreed to advise as to when it will provide this information by January 8.

During this discussion, PANDA repeatedly threatened to engage in retaliatory tactics intended to baselessly increase the cost of litigation. PANDA stated it would increase the cost of litigation by asking Genius Sports to identify exemplary bates cites for every category of document PANDA requested because "the sauce that's good for the goose is good for the gander." As a threshold matter, PANDA's threat to increase the cost of litigation is improper. Moreover, Genius Sports was forced to ask for exemplary Bates cites because there are key categories of documents that we cannot locate in PANDA's production despite PANDA's November 13 representation that its document production was substantially complete. We look forward to PANDA advising on the true status of its document production by January 8, 2024, so we can determine if there are any disputes on those issues.

Regards,

James John Lomeo