# Exhibit F

# KING & SPALDING

King & Spalding LLP
500 W. 2nd Street
Austin, TX 78701
Tel: +1 512 457 2000
Fax: +1 512 457 2100
www.kslaw.com

Matthew D. Wood
mwood@kslaw.com

March 10, 2025

**VIA EMAIL**                                                              **Restricted – Attorneys' Eyes Only**
Nick Williamson
Bryan Cave Leighton Paisner LLP
nick.williamson@bclplaw.com

Re:   *SportsCastr Inc. v. Sportradar Group AG et al.*
      Consolidated Case No. 2:23-cv-472-JRG

Dear Nick:

In view of the new claims added to the amended complaint, we identify the following categories of documents for the time period 2017 - present, which are relevant to the newly added claims. ***To be clear, we believe many, if not all, of these categories are relevant to the patent claims as well—and thus should have been produced months ago.*** However, they have particular relevance to the newly added claims and should be produced pursuant to Paragraph 3(b) of the Discovery Order.

1. All monthly, quarterly, and annual brand, sales, marketing, or product planning documents for the "Relevant Products" (i.e., all products alleged to be in the Tying Markets, Alternative Tying Market, and Tied Market as defined in the [Third] Amended Complaint, regardless of whether they have been accused of infringing any Asserted Patent).

2. All contracts and draft contracts relating to agreements with sports leagues and/or customers (including sportsbooks and media companies) regarding the Relevant Products.

3. All documents concerning any compliance monitoring or enforcement relating to any agreements with sports leagues and/or customers regarding the Relevant Products.

4. All documents concerning the term and length of any agreement with sports leagues and/or customers regarding the Relevant Products.

5. All documents concerning the potential for any sports league and/or customer to terminate, amend, or extend any agreements

6. All monthly, quarterly, and annual contracting strategy planning documents for contracts with all sports leagues relating to the Relevant Products.

March 10, 2025  
Page 2

7. All monthly, quarterly, and annual contracting strategy planning documents for contracts with all contracts with customers of the Relevant Products.

8. All communications with customers regarding contract negotiations for all Relevant Products.

9. All communications with sports leagues regarding contract negotiations for all Relevant Products.

10. All communications with competitors regarding any agreements relating to any of the Relevant Products including, but not limited to, the FCD Settlement Agreement.

11. Summaries to executive leaders regarding any contracting strategies for contracts with sports leagues and/or customers relating to any of the Relevant Products.

12. Bonus structure and payments to sales team and/or account managers for their sales or deals relating to the Relevant Products.

13. All strategy documents and reports prepared by consultants relating to your marketing, sales, and/or contracting strategies for the Relevant Products.

14. All documents analyzing your share of sales of any Relevant Product compared to the sales of other company's product.

15. All documents concerning sportsbooks attitudes and demand for unofficial sports league data compared to official sports league data.

16. All documents concerning your prices for the licensing, sub-licensing, and/or sale of the Relevant Products, including how you set your prices, any consideration of competitors' pricing, any pricing comparisons, studies, price elasticity studies, optimal pricing studies, and any consideration of the relationship between your costs and the prices set by you.

17. Financial transactional data for all Relevant Products including, but not limited to:

    a. Unit sales for each match
    b. Match ID
    c. Event ID
    d. Competition ID
    e. League ID
    f. Customer/Sportsbook
    g. Product ID
    h. Revenue
    i. Rebates, discounts, and returns
    j. Gross to net after all rebates, discounts, returns, etc.
    k. Expenses
    l. Profits

March 10, 2025
Page 3

    m. Net Gaming Revenue
    n. Jurisdiction/Location

18. All financial forecasts for the Relevant Products, including any forecasts projecting the impact on sales of any entry of competitors such as PANDA

19. Internal or third party procured usage data for all Relevant Products, including the following:

    a. Betting statistics on:
        i. Unit bets placed on each sport league
        ii. Match ID
        iii. Event ID
        iv. Competition ID
        v. League ID
        vi. Customer/Sportsbook
        vii. Revenue from each bet
        viii. Source of bet (sportsbook)
        ix. in person or online
        x. in game or pregame
        xi. event date
        xii. event time
        xiii. Net Gaming Revenue
        xiv. Jurisdiction/Location
    b. Statistics on usage rates for various sports betting app technology products
        i. Views for video overlay products
        ii. Viewing time for video overlay products
        iii. Match ID
        iv. Event ID
        v. Competition ID
        vi. League ID
        vii. Customer/Sportsbook
        viii. Event date
        ix. event time
        x. Jurisdiction/Location
    c. Statistics on usage rates for official league data versus unofficial league data

[redacted]

March 10, 2025
Page 4



    We note that your recent (improperly filed) motion claims that "PANDA has yet to serve new, antitrust discovery demands on the Sportradar Defendants." Dkt. 142 at 4. Of course, the Discovery Order requires Sportradar to produce all documents "relevant to the pleaded claims" "[w]ithout awaiting a discovery request." Dkt. 92 ¶ 3(b). Sportradar's motion makes clear that Sportradar is well aware of the discovery relevant to PANDA's pleaded claims, which have been on file for nearly a month. We expect that Sportradar has *already* begun gathering these documents in accord with its discovery obligations and will promptly produce them.

    Please confirm by March 12, 2025, that Sportradar will produce all of these documents by March 21, 2025, as required by the current Docket Control Order. Dkt. 93 at 5.

Regards,

*/s/ Matthew D. Wood*
Matthew D. Wood