# Exhibit N

# Matthew Wood

| | |
|---|---|
| **From:** | Rahul Sarkar |
| **Sent:** | Friday, January 31, 2025 9:36 AM |
| **To:** | Boutsikaris, Socrates L.; Nick Williamson; BCLP_Sportradar_23-cv-00472@bclplaw.com; Patrick.arnett; SportsCastr; #GeniusSports-SportsCastr; PANDA-SportRadar_23-cv-00472; PANDA-Genius_23-cv-00471 |
| **Subject:** | RE: Narrowing of terms for Claim Construction |
| **Importance:** | High |

Socrates,

Thank you for responding. We do not agree to tie the reduction of claim terms to a reasonable amount to a claim narrowing process that you raise a week before expert declarations are due, despite our initial request having been sent to you more than 10 days ago. We are happy to discuss any issues or proposals after we resolve the imminent claim construction issues and the pending discovery issues, for which there is still outstanding source code and technical documents due from both Defendants (and pending motions to compel).

Please let us know a time **today** to meet and confer. Otherwise, we will seek relief from the Court to narrow the terms before expert disclosures are due.

In this regard, the "25 terms" we identified were the means plus function terms Genius previously identified, as well as terms the parties agreed to in the last round. If you all would like to agree to our constructions, that would be one way to narrow those terms. If you would like to agree that those terms are not subject to 112, 6, we are amendable to that as well. In this regard, we are willing to remove from our list all terms except "socket," "event socket," and "event information." Please confirm on the meet and confer today that Defendants will remove those terms from your list as well.

We stand by the count of terms. For example, the preambles are separate terms as each one is not identical and raises different issues. Whether or not a party chooses to brief terms together does not change the fact that they are separate terms. We are not aware of any legal authority that all preambles rise and fall together. Each one will need to be considered separately.

As you know, Plaintiffs must go first for briefing. It would be objectively unfair to include terms that Defendants do not intend to brief, which will waste PANDA's time, resources, and page limits. Typically, courts construe 10 terms. We proposed 11 to give Defendants the full amount. There are no extenuating circumstances here. We have three related patents with similar terms (after all, you list multiple patents for each of the terms). Let's move past the posturing and get to a reasonable number of terms that can be briefed in the limited pages the parties are provided.

The unfairness to PANDA is compounded by the fact that you **do not even commit to not serving an expert declaration on any term unless we do so**. You merely state that your position "has not changed." To the extent that you do commit to not serving a declaration on any term unless PANDA does so, please let us know.

Finally, we again remind Defendants' counsel that communications should be conducted in a professional manner. In this regard, we are not disingenuous, and we assume that you are not either. This Court does not look kindly on ad hominem attacks.

1

**Rahul Sarkar**
*Senior Associate*

T: +1 212 790 5371  |  E: RSarkar@KSLAW.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036



kslaw.com

---

**From:** Boutsikaris, Socrates L. <socrates.boutsikaris@kirkland.com>
**Sent:** Thursday, January 30, 2025 6:00 PM
**To:** Rahul Sarkar <RSarkar@KSLAW.com>; Nick Williamson <nick.williamson@bclplaw.com>; BCLP_Sportradar_23-cv-00472@bclplaw.com; Patrick.arnett <Patrick.arnett@kirkland.com>; SportsCastr <SportsCastr@CJSJLAW.com>; #GeniusSports-SportsCastr <GeniusSports-SportsCastr@kirkland.com>
**Subject:** RE: Narrowing of terms for Claim Construction

> **CAUTION: MAIL FROM OUTSIDE THE FIRM**

Counsel,

The number of terms Defendants proposed is directly related to and the result of PANDA's choice to assert 124 claims across 4 patents (literally every claim of every asserted patent) against two defendant groups. Setting aside for a moment PANDA's inflated accounting of the number of proposed terms (which, for example, ignores that many terms share common issues) and its arbitrary demand for a truncated list of 11 terms, both of which we disagree with, Defendants are nonetheless willing to work with PANDA to jointly narrow the terms contingent upon PANDA working with Defendants to narrow the number of asserted claims. To that end, and as an accommodation to PANDA, Defendants are willing to agree to a version of the Court's model patent order, which would provide the following schedule:

- **February 7**: JCCS
- **February 14**: PANDA serves its preliminary election of asserted claims - no more than 10 claims from each patent and no more than 32 claims overall (note: this date/timing change is the only modification to the model patent order, which would otherwise set this deadline at the close of claim construction discovery)
- **February 21**: revised JCCS narrowing down to no more than 16 disputed terms (note: this does not set a cap of 16 stand-alone disputed terms and the 16 disputed terms may include, for example, multiple claim terms sharing the same disputed issue as a single "disputed term")
- **March 7**: close of claim construction discovery
- **March 14**: Defendants serve their preliminary elections of asserted prior art (no more than 12 references against each patent and no more than 40 references overall, for each Defendant group)
- **March 21**: PANDA's opening claim construction brief

Please let us know if PANDA agrees to the proposed modified model patent order and, if so, we will prepare a suitable version for a joint filing with the Court.

Regarding your contention that Defendants collectively proposed 55 terms for construction, we respectfully disagree. For example, you count the preambles as 11 separate terms, even though the preambles share common issues and will

2

be briefed and, to our understanding, ruled upon together. As another example, PANDA also includes Defendants' plain and ordinary meaning constructions in its inflated count. You also ignore that of these "55 terms," PANDA itself proposes constructions for 25 of them, many of which PANDA previously agreed to in the JCCS filed 10/8/2024 in the -471 case. This type of disingenuous posturing is unhelpful to move the parties closer to a narrowed set of terms. If PANDA is amenable to any agreements, please let us know.

Regarding your demand that Defendants provide a list of 11 terms, we reiterate that in view of at least PANDA's assertion of every claim of every asserted patent, that arbitrary number is unrealistic, unsupported by any authority, and prejudicial to Defendants.

Further, your allegation that Defendants have not identified which terms they intend so submit an expert declaration on, demand that Defendants immediately provide that identification, and suggestion that PANDA has somehow been prejudiced are, individually and collectively, entirely without merit. Defendants' Local Patent Rule 4-2 disclosure expressly states: "Defendants do not presently intend to offer the testimony of one or more experts. To the extent PANDA intends to offer expert testimony, Defendants reserve the right to also offer expert testimony." Defendants' position has not changed. If PANDA does in fact intend to submit an expert declaration, please promptly identify the terms the expert declaration will address, so that Defendants can adequately prepare.

Finally, we note that any attempt to seek fees and expenses for any term PANDA expends resources on, but Defendants later withdraw, would be without merit, even more so should PANDA refuse to narrow and appropriately limit its asserted claims.

Please let us know your position on the above, and your availability to meet and confer.

Regards,

**Socrates L. Boutsikaris**

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W. Washington DC 20004
**T** +1 202 389 3140  **M** +1 202 746 9628
**F** +1 202 389 5200

socrates.boutsikaris@kirkland.com

---

**From:** Rahul Sarkar <RSarkar@KSLAW.com>
**Sent:** Wednesday, January 29, 2025 11:55 AM
**To:** Nick Williamson <nick.williamson@bclplaw.com>; BCLP_Sportradar_23-cv-00472@bclplaw.com; Arnett, Patrick <patrick.arnett@kirkland.com>; SportsCastr <SportsCastr@CJSJLAW.com>; #GeniusSports-SportsCastr <GeniusSports-SportsCastr@kirkland.com>
**Subject:** RE: Narrowing of terms for Claim Construction

Counsel,

We have received no response from Defendants regarding a narrowing of terms. Please respond **no later than close of business tomorrow** with an identification of which terms you will submit a declaration on, so that we may allocate resources accordingly. Presently, the Defendants have identified **55 terms for construction**, with **no identification of which terms** they intend to submit a declaration on. That is highly prejudicial to PANDA, and it reserves the right to seek fees and costs if Defendants do not make such an identification by tomorrow.

---

**Rahul Sarkar**
*Senior Associate*

T: +1 212 790 5371  |  E: RSarkar@KSLAW.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036



kslaw.com

---

**From:** Rahul Sarkar
**Sent:** Tuesday, January 21, 2025 1:35 PM
**To:** Nick Williamson <nick.williamson@bclplaw.com>; BCLP_Sportradar_23-cv-00472@bclplaw.com; Arnett, Patrick <patrick.arnett@kirkland.com>; SportsCastr <SportsCastr@CJSJLAW.com>; #GeniusSports-SportsCastr <GeniusSports-SportsCastr@kirkland.com>
**Subject:** Narrowing of terms for Claim Construction
**Importance:** High

Counsel,

Genius Sports and Sportradar have collectively proposed **55 terms** for construction, a number impossible to adequately brief in the 30 pages that the Patent Rules allocate to each side. That number is especially burdensome to SportsCastr, which must submit its opening brief first. Please immediately send a truncated list of **no more than 11 terms by next Tuesday,** January 28th. After this date, PANDA will seek fees and expenses for any term that it expends resources on, but Defendants later withdraw. Thank you.

Best,
Rahul

---

**Rahul Sarkar**
*Senior Associate*

T: +1 212 790 5371  |  E: RSarkar@KSLAW.com  |  Bio  |  vCard

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036



kslaw.com

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender

4

immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

5