IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>*Plaintiff*,<br><br>v.<br><br>SPORTRADAR GROUP, AG, and<br>SPORTRADAR AG,<br><br>*Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:23-CV-00472-JRG<br>(LEAD CASE) |
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>*Plaintiff*,<br><br>v.<br><br>GENIUS SPORTS LTD., et al.,<br><br>*Defendants*. | § § § § § § § § § § § | CIVIL ACTION NO. 2:23-CV-00471-JRG<br>(MEMBER CASE) |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Strike Plaintiff's Antitrust Allegations (the "Motion") filed by Defendants Genius Sports Ltd., Genius Sports Media Ltd., Genius Sports Technologies Ltd., Genius Sports UK Ltd., Genius Sports Group Ltd., Maven Topco Ltd., Maven Midco Ltd., Maven Debtco Ltd., and Maven Bidco Ltd. (collectively, "Genius"). (Dkt. No. 158). In the Motion, Genius moves pursuant to Federal Rules of Civil Procedure 12(f) and 15(a) to strike certain paragraphs in Plaintiff SportsCastr, Inc. d/b/a PANDA Interactive's ("PANDA") Third Amended Complaint. (*Id.* at 1.) Defendants Sportradar Group AG and Sportradar AG ("Sportradar") (together with Genius, the "Defendants") join in Genius' Motion, stating that the arguments raised in the Motion are equally applicable to PANDA's new antitrust claims and allegations in the Second Amended Complaint against Sportradar. (Dkt. No. 162 at 1-2.) For the reasons discussed herein, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

I.  **BACKGROUND**

On October 5, 2023, PANDA filed two suits against Sportradar and Genius, alleging that both Defendants infringe U.S. Patent Nos. 10,805,687 (the "'687 Patent"), 11,039,218 (the "'218 Patent"), and 10,425,697 (the "'697 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 1 at ¶¶ 16, 18; Member Case No. 2:23-cv-00471, Dkt. No. 1 at ¶¶ 16, 18.)

On February 14, 2025, the deadline to file amended pleadings under the Docket Control Order (Dkt. No. 93), PANDA filed its Second Amended Complaint for Patent Infringement and Federal Antitrust and State Law Violations against Sportradar (Dkt. No. 126) and its Third Amended Complaint for Patent Infringement and Federal Antitrust and State Law Violations against Genius (Dkt. No. 127). In the operative amended complaints, PANDA added claims under the Sherman Act and Texas Free Enterprise and Antitrust Act. (Dkt. No. 126 at ¶¶ 1, 19-32, 69, 110-59, 361-82, and Prayer for Relief (j)-(m); Dkt. No. 127 at ¶¶ 1, 19-32, 83-134, 323-44, and Prayer for Relief (j)-(m).)

On March 7, 2025, Sportradar filed its Motion to Amend the Docket Control Order, stating that additional time is necessary to address the newly asserted antitrust claims in the Second Amended Complaint. (Dkt. No. 142 at 1.)[1] Genius filed a notice joining in Sportradar's Motion to Amend the Docket Control Order. (Dkt. No. 146 at 1.) On March 28, 2025, the Court granted the Motion to Amend the Docket Control Order and found that the non-patent related deadlines should be extended by no more than seventy-five days. (Dkt. No. 154 at 2.)

On March 31, 2025, approximately six weeks after PANDA filed the operative amended complaints, and days after the Court granted Defendants' request for an extension, Sportradar then filed the instant Motion requesting that the Court strike the antitrust allegations. (Dkt. No. 158.)

---

[1] In a footnote, Sportradar claimed that the Docket Control Order required PANDA to seek leave of Court to add additional causes of action and, consequently, Sportradar was not conceding that PANDA's amendment was proper. (Dkt. No. 142 at 3, n.5.) In granting the Motion to Amend the Docket Control Order, the Court noted that, though Sportradar argued such amendments were "untimely," Defendants had not moved to strike them. (*Id*. at 3.) Rather than moving to strike at that time, Sportradar requested an extension of the deadlines instead. (Dkt. No. 142.)

2

## II. DISCUSSION

Defendants ask the Court to strike the paragraphs of PANDA's operative amended complaints pertaining to PANDA's antitrust allegations. (Dkt. No. 158 at 2; Dkt. No. 162 at 1-2.) Defendants argue that PANDA's amendment is untimely under Rule 15(a)(1), improper under Rule 15(a)(2), and improper under the Court's Docket Control Order. (Dkt. No. 158 at 2-3.) PANDA responds, in part, that the Motion should be denied because the plain language of the Docket Control Order allowed PANDA to file the amended pleadings without leave of Court. (Dkt. No. 175 at 1-5, 12.) The Court agrees with PANDA that the Docket Control Order allowed PANDA to file the amended complaints with the newly asserted antitrust claims.

### 1. The Docket Control Order (DCO)

In this case, the controlling Docket Control Order provided that "[i]t is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents." (Dkt. No. 93 at 6.)

Defendants agree that this deadline allows PANDA to amend existing patent claims and allegations without leave of court. (Dkt. No. 158 at 4.) Defendants argue, however, that it does not grant PANDA leave to add new causes of action. (*Id.* (citing *In re Katrina Canal Breaches Consol. Litig.*, No. 03-5367, 2008 WL 4936840, at *1 (E.D. La. Aug. 26, 2008) ("Any silence concerning other potential topics did not mean [sic] that leave was given for any addition or change . . . .").)[2]

---

[2] In *In re Katrina Canal Breaches Consolidated Litigation* the district court held a hearing on the plaintiffs' motion for leave to file their amended complaint. No. 03-5367, 2008 WL 4936840, at *1. After the hearing, the court issued a written order reiterating what topics could be included in the amended complaint. *Id.* The plaintiffs filed their amended complaint, after which defendants filed a motion to strike certain allegations because those allegations were either specifically rejected or not the subject of the motion for leave to amend. *Id.* The court granted the motion and struck several allegations from the amended complaint. *Id.* at *2-3. Though the district court held a hearing and then subsequently issued an order reiterating specifically what topics could be included in the amended complaint, the controlling Docket Control Order in this case does not address with such granularity what topics can be included in amended pleadings. *Compare id.*, *with* Dkt. 93 at 6. Instead, the Docket Control Order here only states that "[i]t is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents." (Dkt. No. 93 at 6.) Accordingly, the Court does not find *In re Katrina* persuasive.

Defendants also contend it is "difficult to imagine the DCO would require leave to add a new patent to a patent case yet not require leave to add a new cause of action under laws never previously raised in the case (*i.e.*, the Sherman Act or TFEAA)." (Dkt. No. 158 at 4) (emphasis removed). Defendants support their contention by citing the Court's Sample Docket Control Order for Non-Patent Civil Cases,[3] which does not contain a similar provision.[4] (*Id.*)

In Response, PANDA argues that Defendants attempt to rewrite the plain language of the Docket Control Order despite having agreed to it. (Dkt. No. 175 at 3.) PANDA also argues that this Court—one familiar with cases involving both patent and non-patent claims—chose to include this language in the model docket control order and did not err in doing so. (*Id.* at 3-4 (citing *Plastronics Socket Partners, Ltd. v. Hwang*, No. 2:18-cv-00014-JRG-RSP (E.D. Tex.).)[5]

Having reviewed the language of the Docket Control Order that controls this case, the Court finds that its order does not require a party to seek leave of Court to file an amended complaint that asserts new causes of action. The controlling Docket Control Order states that "[i]t

---

[3] https://txed.uscourts.gov/sites/default/files/judgeFiles/Docket%20Control%20Order.pdf (last visited May 19, 2025.)

[4] The Court notes that while the sample docket control order for non-patent cases does not contain this provision, some non-patent cases include a similar provision allowing amended pleadings without a motion for leave to amend. *See, e.g.*, *VIP Pump Servs., LLC v. Poole*, No. 2:24-CV-00703-JRG, 2024 U.S. Dist. LEXIS 221117, at *3 (E.D. Tex. 2024) (citing the operative docket control order, which states '[i]t is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.'").)

[5] Though the Court agrees that this same language in *Plastronics* case supports PANDA's contention that this language is no accident, the Court does not otherwise find *Plastronics* to be particularly helpful. There, the plaintiffs initially alleged claims of patent infringement along with other non-patent claims such as breach of contract. *Plastronics*, No. 2:18-cv-00014, Dkt. No. 1 at 13-30. Since this Court had not yet entered a docket control order, the plaintiffs filed a motion for leave to amend their complaint. *Id.*, Dkt. 63 at 2. Specifically, the plaintiffs sought to add a defendant, a cause of action for patent infringement, and additional breaches of contract. *Id.* at 2, 5. While the plaintiffs' motion for leave was pending, however, this Court entered a docket control order with the same language present in this case. *See id.*, Dkt. No. 70 at 3. After the docket control order was entered, the defendants withdrew their opposition to the motion for leave to amend, stating that "in light of the Court's Docket Control Order (Dkt. 70) allowing . . . amendment of pleadings . . ., Defendants do not oppose entry of Plaintiff's First Amended Complaint." *Id.*, Dkt. No. 73 at 1. Consequently, because the defendants informed the Court that they no longer opposed the motion, this Court was not tasked with interpreting the language in the docket control order. *See* No. 2:18-cv-00014, Dkt. No. 76 at 1 (granting unopposed motion to amend). In contrast, the Defendants in this case do oppose PANDA's ability to amend the operative complaints. (*See* Dkt. Nos. 158; 162.) Consequently, the Court does not find this case particularly helpful.

4

is not necessary to seek leave of Court to amend pleadings prior to this deadline *unless the amendment seeks to assert additional patents*." (Dkt. No. 93 at 6) (emphasis added).  PANDA did not assert additional patents. Accordingly, under the plain language of the docket control order, PANDA was not required to seek leave of Court to file amended complaints that assert new causes of action, such as antitrust claims, since PANDA filed the amended complaints within the deadline.[6]

PANDA further contends that the Court's requirement to seek leave only as to additional patents makes sense because of the detailed set of pre-trial deadlines that pertain to patent infringement. (Dkt. No. 175 at 4.)  For example, claims of patent infringement require the parties to, among other things, exchange infringement and invalidity contentions, disputed claim terms, and proposed constructions for those disputed terms. *See* P.R. 3-1 through 4-6.  The deadlines for these events begin to run shortly after the complaint for patent infringement is filed.  Accordingly, by the time the deadline to file amended pleadings without leave arrives, the parties have expended a significant number of hours and resources to prepare for claim construction.  Adding a new patent without leave once this process has begun, therefore, would either require the parties to repeat the same process on an expedited schedule, or require the Court to delay claim construction or hold a second claim construction.  PANDA asserts that similar issues do not arise for non-patent claims because such claims do not have the same intricate set of pre-trial deadlines. (Dkt. No. 175 at 5.) Defendants do not point out any such issue in their Motion or Reply. (*See* Dkt. Nos. 158; 179.)

---

[6] Defendants argue that PANDA was required to seek leave to amend its pleadings because the language in the Docket Control Order does not supplant Rule 15. (Dkt. NO. 178 at 2.) Defendants cite no legal authority for their contention. This Court, however, has previously found that Rule 15 does not abrogate the Court's broad discretion and inherent authority to manage its docket, especially considering the mandate that courts should freely give parties leave to amend their pleadings when justice so requires. *See VIP Pump Servs., LLC v. Poole*, No. 2:24-CV-00703-JRG, 2024 U.S. Dist. LEXIS 221117, at *4 (E.D. Tex. 2024); Fed. R. Civ. P. 15(a)(2); *June Med. Servs., L.L.C. v. Phillips*, No. 22-30425, 2022 WL 4360593, at *2 (5th Cir. Sept. 28, 2022) (citing *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (per curiam)). By its Docket Control Order, the Court has given the parties leave to amend their pleadings as outlined therein.

Ultimately, the Court declines to strike PANDA's amended complaints because PANDA timely filed them within the parameters of the Docket Control Order.[7]

## III. CONCLUSION

Accordingly, the Court finds that the Motion (Dkt. No. 158) should be and hereby is **DENIED**.[8]

**So ORDERED and SIGNED this 10th day of June, 2025.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[7] Defendants also argue that PANDA's amendment is prejudicial because it would result in "prolonged litigation" and require them to "litigate new and complex economic claims on a highly abbreviated schedule." (Dkt. No. 158 at 5.) PANDA responds, in part, that the Court already addressed these issues in its recent order extending the case schedule." (Dkt. No. 175 at 6.) "Having won relief on their claims of prejudice" in their Motion to Amend the Docket Control Order, PANDA argues that "Defendants cannot continue to claim that same prejudice still plagues them." (*Id.* at 7.) The Court agrees with PANDA. The Court accepted Defendants' position in the Motion to Amend the Docket Control Order, noted that Defendants had not file a motion to strike, and then granted a significant extension to the Docket Control Order to address any such prejudice.

[8] In its Response, PANDA requests that Defendants be ordered to pay the costs of responding to this Motion. (Dkt. No. 175 at 1.) The Court denies this request in full.