## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>　　　　Plaintiff,<br><br>v.<br><br>SPORTRADAR GROUP, AG, and<br>SPORTRADAR AG,<br><br>　　　　Defendants. | Civil Action No. 2:23-cv-00472-JRG<br>███████████<br>(LEAD CASE) |
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>　　　　Plaintiff,<br><br>v.<br><br>GENIUS SPORTS LTD.,<br>GENIUS SPORTS MEDIA LTD.,<br>GENIUS SPORTS TECHNOLOGIES LTD.,<br>GENIUS SPORTS UK LTD.,<br>GENIUS SPORTS HOLDINGS LTD.,<br>GENIUS SPORTS GROUP LTD.,<br>MAVEN TOPCO LTD.,<br>MAVEN MIDCO LTD.,<br>MAVEN DEBTCO LTD., and<br>MAVEN BIDCO LTD.,<br><br>　　　　Defendants. | Civil Action No. 2:23-cv-00471-JRG<br>███████████<br>(MEMBER CASE) |

**JOINT STATUS REPORT REGARDING PANDA'S MOTIONS TO COMPEL**

Pursuant to the Court's August 29, 2025 Order (ECF 323), the parties submit this Joint Status Report regarding PANDA's August 22, 2025 Motions to Compel (ECFs 296-99).  As directed, PANDA and Sportradar, and PANDA and Genius, each met and conferred on September 4, 2025, through their respective lead and local counsels.  While PANDA and Sportradar have reached an agreement on the handling of the motions to compel filed against Sportradar, Genius and PANDA remain at an impasse.[1]

On August 22, 2025, PANDA filed two motions asking the Court to compel Genius to produce: (1) Mark Locke for a deposition; (2) ████████████████████████ ███████████████████ (3) ███████████████████████ ██████ (4) Nicholas Taylor, Simon Martyn, Steve Burton, Thomas Chard, and Thomas Holland for depositions; and (5) 30(b)(6) witnesses to testify on Topics 18 and 28.  (ECFs 296-97.)

On that same day, PANDA filed two motions requesting that the Court compel Sportradar to produce: (1) Carsten Koerl for a deposition; (2) Dominic Atkinson for a continued deposition; (3) communications with Genius concerning the FDC agreement; and (4) Rule 30(b)(6) witnesses for Topics 1, 2, 16, and 18.  (ECF 298-99.)

The Court denied all motions without prejudice, ordered the parties to meet and confer, and noted that "[t]he Court sees no reason these disputes should not be worked out between the parties."  (ECF 323.)

---

[1] While Sportradar Defendants and Panda have reached agreement on the issues relating to the motions to compel against Sportradar, Sportradar did not participate in any negotiations between Genius and Panda, and Sportradar does not agree with or adopt any of the statements made in connection with the motions to compel against Genius.

**PANDA's Position Regarding Genius Defendants:** PANDA agrees with the Court that the parties should have been able to resolve these issues without burdening the Court, and in the spirit of compromise, during the September 4, 2025 meet-and-confer, agreed to drop all of its requests except for a modest three-hour deposition of Locke, scheduled to occur after this Court issues its summary judgment order.  Genius still refuses to produce Locke for a deposition despite PANDA's extraordinary concessions.

As detailed in PANDA's motion to compel, Locke's testimony is critical to the prosecution of PANDA's antitrust claims.  (ECF 296.)  Among other things, Locke has made numerous public statements that go to the core of PANDA's tying allegations, and PANDA is entitled to question him about those statements for the benefit of the jury.  For example, Locke has publicly discussed the "increasingly duopolistic competitive environment" resulting from Genius's and Sportradar's exclusive league data rights, and has compared that environment to the one that existed just "a few years ago," when there was "greater competition."  Locke has also repeatedly discussed "wrapping" Genius's exclusive league data (which, according to Locke, Sportsbooks "cannot operate without" because that data is the "only way" sportsbooks can guarantee low-latency, accurate, and secure data for their betting products) with Genius's sports betting app technology (which, according to Locke, sportsbooks require only "sometimes"), and has boasted that Genius's exclusive league data rights with the English Premier League allowed Genius to "increase [its] pricing." (*Id.*) ███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

███████████████████████████

2

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ and PANDA is entitled to examine Locke ████████████

████████████████████████████████████████████████

████████

PANDA has demonstrated good faith by dropping all of its requests except for a truncated, post-summary-judgment deposition of Locke, minimizing any burden on Locke or Genius. Accordingly, for the reasons detailed in PANDA's Motion, PANDA respectfully requests that the Court compel Locke's deposition.

**Genius's Position Regarding PANDA's Motion to Compel:** Although Genius appreciates PANDA's decision to forego the remainder of its requests, Genius must oppose PANDA's renewed request to depose Genius' CEO, Mark Locke, because Mr. Locke does not have "unique, first-hand, non-repetitive knowledge of the facts at issue" and PANDA intentionally ***chose not*** to take the discovery it now seeks through "other less intrusive" means.[2] *Pioneer Corp. v. Samsung SDI Co.*, 2008 WL 11348028, at *3–5 (E.D. Tex. Feb. 15, 2008) (denying motion to compel an executive witness). PANDA claims that Mr. Locke's testimony would be critical because (1) he made "public statements" that PANDA believes are relevant and the "only way" to know why Mr. Locke made those statements is to ask him, and (2) ████████████████████

████████████████████████████████████████████████

---

[2] Mr. Locke is not on Genius' initial disclosures.

3

███████████████████████████████████████████ But most of PANDA's factual

assertions are incorrect, and none provides a valid basis to compel Mr. Locke's deposition.

First, it is unremarkable for a CEO to make public statements about the company's

business.  But deposing Mr. Locke is not the "only way" to know why he made the statements he

made. ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

        ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████[3] █████████████████████████

---

[3] ███████████████████████████████████████████████

4

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

Finally, Genius objects to PANDA's use of a Joint Notice to "request that the Court compel [Mr.] Locke's deposition."  PANDA's motion to compel, Dkt. 296, was denied without prejudice, Dkt. 323, and there is no other motion pending on this issue.   If the Court is inclined to permit PANDA to renew its motion, Genius would respectfully request the chance to respond consistent with the applicable Federal and Local Rules and the Court's March 11, 2020 Standing Order.

**Resolution between PANDA and Sportradar Defendants:** Sportradar and PANDA have reached an agreement with respect to PANDA's motions.  On September 6, 2025, in an effort to avoid further Court involvement, the parties agreed: (1) an additional deposition of Mr. Atkinson may be taken subject to the following terms: (a) the deposition will last no more than 2.5 hours; (b) the scope of questioning will be limited to questions regarding documents produced by the Sportradar Defendants on or after August 21, 2025 on which Mr. Atkinson appears or which were produced from Mr. Atkinson's files; and (c) the deposition will be taken via video conference and occur at a mutually-agreeable date and time; (2) PANDA withdraws all other requests in its motions including, but not limited to, the production of additional documents, the deposition of Mr. Carsten Koerl, or any additional 30(b)(6) testimony.  If Panda takes the deposition of Mr. Atkinson after the September 26, 2025, deadline for expert rebuttal reports, PANDA agrees it cannot later assert any prejudice in not having Mr. Atkinson's supplemental testimony available for its expert rebuttal reports.

Dated: September 8, 2025

By: */s/ Matthew D. Wood*

Matthew D. Wood (#24110548)
mdwood@cahill.com
Britton F. Davis (#43909 CO)
bdavis@cahill.com
Christopher C. Campbell (#444262 DC)
ccampbell@cahill.com
**CAHILL GORDON & REINDEL LLP**
900 16th Street N.W., Suite 500
Washington, D.C. 20006

Edward N. Moss (admitted *pro hac vice*)
emoss@cahill.com
Andrew Cochran (#5276738 NY)
acochran@cahill.com
**CAHILL GORDON & REINDEL LLP**
32 Old Slip
New York, N.Y. 10005

Greg Love (#24013060)
glove@cjslaw.com
Mark Siegmund (#24117055)
msiegmund@cjslaw.com
William Ellerman (#24007150)
wellerman@cjslaw.com
**CHERRY JOHNSON SIEGMUND JAMES**
Bridgeview Center
7901 Fish Pond Rd., Second Floor
Waco, Texas 76710
(254) 732-2242

*Attorneys for Plaintiff*

Respectfully Submitted,

By: */s/ Jeanne M. Heffernan*

Jeanne M. Heffernan
TBN 24128395
James John Lomeo
TBN 24118993
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
(512) 678-9100
jheffernan@kirkland.com
james.lomeo@kirkland.com

Joshua L. Simmons (admitted pro hac vice)
Devora Allon (admitted pro hac vice)
Kevin Neylan (admitted pro hac vice)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
joshua.simmons@kirkland.com
devora.allon@kirkland.com
kevin.neylan@kirkland.com

Patrick Arnett (admitted pro hac vice)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000
patrick.arnett@kirkland.com

Samuel Leifer (admitted pro hac vice)
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116601
(617) 385-7500
samuel.leifer@kirkland.com

*Attorneys for Defendants Genius Sports Ltd.,*
*Genius Sports Media Ltd., Genius Sports*
*Technologies Ltd., Genius Sports UK Ltd.,*
*Genius Sports Holdings Ltd., Genius Sports*
*Group Ltd., Maven Topco Ltd., Maven Midco*
*Ltd., Maven Debtco Ltd., and Maven Bidco*
*Ltd.*

6

By: */s/ Lindsay S. Johnson*

David A. Roodman, #38109MO
daroodman@bclplaw.com
Nick E. Williamson, #56925MO
nick.williamson@bclplaw.com
George G. Brell #69850MO
george.brell@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone (314) 259-2000

George Patrick Watson (*pro hac vice*)
patrick.watson@bclplaw.com
Lindsay Sklar Johnson (*pro hac vice*)
lindsay.johnson@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
One Atlantic Center, 14th Floor
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471
Telephone (404) 572-6600

David B. Schwartz (*pro hac vice*)
david.schwartz@bclplaw.com
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street NW, Suite 700
Washington, DC 20004-1357
Telephone (202) 508-6000

Michael C. Smith
State Bar No. 18650410
Michael.Smith@solidcounsel.com
SCHEEF & STONE
113 East Austin Street
Marshall, TX 75670
Telephone (903) 938-8900

***ATTORNEYS FOR DEFENDANTS
SPORTRADAR GROUP AG AND
SPORTRADAR AG***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served on all counsel of record via electronic mail on September 8, 2025.

<u>/s/ Matthew D. Wood</u>
Matthew D. Wood

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing is authorized to be filed under seal pursuant to the Protective Order entered in the above-captioned action.

<u>/s/ Matthew D. Wood</u>
Matthew D. Wood

8