# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>    Plaintiff,<br><br>v.<br><br>SPORTRADAR GROUP, AG, and<br>SPORTRADAR AG,<br><br>    Defendants. | Civil Action No. 2:23-cv-00472-JRG<br>(LEAD CASE) |
| SPORTSCASTR INC.<br>(d/b/a PANDA INTERACTIVE),<br><br>    Plaintiff,<br><br>v.<br><br>GENIUS SPORTS LTD.,<br>GENIUS SPORTS MEDIA LTD.,<br>GENIUS SPORTS TECHNOLOGIES LTD.,<br>GENIUS SPORTS UK LTD.,<br>GENIUS SPORTS HOLDINGS LTD.,<br>GENIUS SPORTS GROUP LTD.,<br>MAVEN TOPCO LTD.,<br>MAVEN MIDCO LTD.,<br>MAVEN DEBTCO LTD., and<br>MAVEN BIDCO LTD.,<br><br>    Defendants. | Civil Action No. 2:23-cv-00471-JRG<br>(MEMBER CASE) |

**PANDA'S RESPONSE TO SPORTRADAR'S MOTION TO EXPEDITE BRIEFING**

Sportradar's motion to strike excess pages of PANDA's defense of its antitrust claims (Dkt. 456) is meritless, making its request for expedited briefing (Dkt. 457) an improper distraction during this period of intense briefing and pre-trial preparations. There is no basis for the Court to strike a ***full one-fourth*** of PANDA's summary judgment opposition briefing because that briefing is in full compliance with this Court's local rules. Even if Sportradar's position has legs (it does not), the severe remedy it seeks deserves full briefing before the Court considers taking an axe to PANDA's dispositive motions.[1] Sportradar's motion to expedite should be denied.

Sportradar filed 60 pages of briefing on its motions for summary judgment comprising ***12 distinct issues*** combined into ***two*** 30-page briefs. Neither party suggests this is inconsistent with Local Rule CV-7(a)(3)(A). For its part, PANDA also filed 60 pages of briefing—a 45-page and 15-page brief—opposing those motions, consistent with Local Rule CV-7(a)(3)(B). Despite this equity in page count, Sportradar cries foul because its unilateral choice to organize its 12 separate issues into only two thirty-page briefs. According to Sportradar, PANDA was required to file two oppositions, neither of which could exceed thirty pages.

Sportradar's request is drastic and aims for a windfall: instead of seeking a reorganization of PANDA's 60 pages, it asks the Court to lop off the last 15 pages of PANDA's 45-page opposition brief while leaving PANDA's separate 15-page opposition brief untouched—leaving PANDA with only 45 pages of opposition briefing against Sportradar's 60 pages of opening briefing. Such a harsh result should not be contemplated by the Court without at least allowing for full briefing of the issue first.

---

[1] Sportradar's interpretation of the local rules would also affect Genius's summary judgment motions, as Genius interpreted the local rules in the same way as PANDA. Dkt. 392.

Sportradar did not need to burden the Court with its motion to strike. PANDA offered Sportradar numerous options to resolve this simple disagreement regarding the proper allocation of dispositive motion briefing pages. PANDA offered to agree to expand page limitations to reply briefing so that Sportradar could address its perceived inequity of the page limitations. For example, PANDA proposed that Sportradar simply allocate the pages it needed within the 20-page limit for reply briefs or the parties jointly move for an additional five pages to the 20-page limit for reply briefs.  PANDA was also amenable to other more just and reasonable resolutions than Sportradar's requested relief, which not only would have avoided burdening the Court but would have created certainty before the deadline for summary judgment replies.

But Sportradar was unwilling to agree to any resolution that did not involve throwing away a quarter of PANDA's opposition briefing. The Court does not need to decide on such an extreme remedy by this week. The pretrial conference—where the parties' dispositive motions will be argued—is nearly two months away. There is plenty of time for the parties to fully brief and the Court to consider whether any adjustment to the party's summary judgment briefing and/or briefing schedule is appropriate.

The parties should be permitted to fully brief under the regular briefing schedule Sportradar's motion to strike one-quarter of PANDA's summary judgment opposition briefing. Sportradar's motion to expedite should be denied.

Dated: November 11, 2025        Respectfully submitted:

By: */s/ Matthew D. Wood*
Matthew D. Wood (#24110548)
mdwood@cahill.com
Britton F. Davis (#43909 CO)
bdavis@cahill.com
Christopher C. Campbell (#444262 DC)

2

ccampbell@cahill.com
**CAHILL GORDON & REINDEL LLP**
900 16th Street, N.W., Suite 500
Washington, D.C. 20006

Edward N. Moss (admitted *pro hac vice*)
emoss@cahill.com
Andrew Cochran (#5276738 NY)
acochran@cahill.com
**CAHILL GORDON & REINDEL LLP**
32 Old Slip
New York, N.Y. 10005

Greg Love (#24013060)
glove@cjslaw.com
Mark Siegmund (#24117055)
msiegmund@cjsjlaw.com
William Ellerman (#24007150)
wellerman@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES**
Bridgeview Center
7901 Fish Pond Rd., Second Floor
Waco, Texas 76710
(254) 732-2242

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record have been served with a copy of the foregoing document via the Court's CM/ECF system on November 11, 2025.

By: */s/ Matthew D. Wood*
Matthew D. Wood (#24110548)
mdwood@cahill.com

3