# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SPORTSCASTR INC. (d/b/a PANDA INTERACTIVE),<br><br>    Plaintiff,<br><br>v.<br><br>SPORTRADAR GROUP, AG, and SPORTRADAR AG,<br><br>    Defendants. | Civil Action No. 2:23-cv-00472-JRG<br>(LEAD CASE) |
| SPORTSCASTR INC. (d/b/a PANDA INTERACTIVE),<br><br>    Plaintiff,<br><br>v.<br><br>GENIUS SPORTS LTD.,<br>GENIUS SPORTS MEDIA LTD.,<br>GENIUS SPORTS TECHNOLOGIES LTD.,<br>GENIUS SPORTS UK LTD.,<br>GENIUS SPORTS HOLDINGS LTD.,<br>GENIUS SPORTS GROUP LTD.,<br>MAVEN TOPCO LTD.,<br>MAVEN MIDCO LTD.,<br>MAVEN DEBTCO LTD., and<br>MAVEN BIDCO LTD.,<br><br>    Defendants. | Civil Action No. 2:23-cv-00471-JRG<br>(MEMBER CASE) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS**
**<u>MOTION TO STRIKE</u>**

**FILED UNDER SEAL**
**RESTRICTED – ATTORNEYS' EYES ONLY**

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................1

ARGUMENT .......................................................................................................................1

    I.    GENIUS ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ TWO WEEKS BEFORE THE DISCOVERY CUTOFF IS NOT TIMELY OR MEANINGFUL DISCLOSURE UNDER RULE 26 .............................................................................................................2

    II.    GENIUS HAS NOT CARRIED ITS BURDEN TO SHOW JUSTIFICATION OR HARMLESSNESS ................................................................3

    III.    THE FIFTH CIRCUIT'S FOUR-FACTOR TEST FAVORS EXCLUSION ...............4

    IV.    GENIUS'S NARRATIVE DISTORTS THE RECORD AND DOES NOT EXCUSE THE VIOLATION .......................................................................................5

████████
████████████

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*JPMorgan Chase Bank, N.A.* v. *DataTreasury Corp.*,
   2015 WL 13729926 (E.D. Tex. May 28, 2015) ...................................................................... 2

*Mercury Luggage Mfg. Co.* v. *Domain Prot., LLC*,
   2020 WL 7122859 (N.D. Tex. Dec. 4, 2020) ........................................................................... 5

*Open Cheer & Dance Championship Series, LLC* v. *Varsity Spirit, LLC*,
   2025 WL 2053286 (N.D. Tex. July 21, 2025) ..................................................................... 2, 3

*Spence* v. *Am. Airlines, Inc.*,
   775 F. Supp. 3d 963 (N.D. Tex. 2025) .................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................................... *passim*

Fed. R. Civ. P. 37 ............................................................................................................... *passim*

# INTRODUCTION[1]

This is precisely the "trial by ambush" Rule 26 and Rule 37 forbid. Genius never disclosed ▇▇▇▇▇ during fact discovery, never ▇▇▇▇▇▇▇▇▇▇▇▇, and never put PANDA on meaningful notice that it intended to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ November 21, 2025—months after fact discovery closed. That is not compliance with Rule 26; it is gamesmanship that Rule 37(c)(1) prevents unless Genius proves substantial justification or harmlessness, which it cannot do.

Genius's Opposition hinges on two themes: that (i) PANDA has "long known" about ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and (ii) Genius's late, generic disclosure of ▇▇▇▇▇▇ during the last two weeks of fact discovery sufficed under Rule 26. Both arguments fail. ▇▇▇▇▇▇▇▇▇▇ is not the same as a Rule 26(a) disclosure; the rules require disclosure of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The record is straightforward: Genius chose not to timely disclose ▇▇▇▇▇▇▇▇▇▇▇▇▇ and trial is forthcoming. The Court should enforce Rules 26 and 37 and strike ▇▇▇▇▇▇▇.

# ARGUMENT

Rule 26(a)(1)(A)(i) requires a party to disclose "the name" of each individual it "may use to support its claims or defenses," and Rule 26(e)(1)(A) requires timely supplementation when a disclosure is materially incomplete and the information has not otherwise been "made known" during discovery or in writing. Courts in this District have rejected "catchall designations" of

---

[1] In this brief, (i) "Motion" or "Mot." refers to Dkt. 581; and (ii) "Opposition" or "Opp." refers to Dkt. 602. Unless noted, emphasis is added, internal citations and quotations are omitted.

"unnamed corporate representatives" as contravening Rule 26(a).  *See JPMorgan Chase Bank, N.A.* v. *DataTreasury Corp.*, 2015 WL 13729926, at *2 (E.D. Tex. May 28, 2015).  Rule 37(c)(1) provides the "self-executing" and "automatic sanction" for violations: the non-compliant party "is not allowed to use" the witness at trial unless the failure was substantially justified or harmless—a burden Genius bears and has not met.  *See* Fed. R. Civ. P. 37 advisory committee notes (1993).

**I.   Genius ▮▮▮ Two Weeks Before the Discovery Cutoff Is Not Timely or Meaningful Disclosure under Rule 26**

Genius argues that it complied with Rule 26 by ▮▮▮ ten business days before the close of fact discovery—and by later ▮▮▮ (Opp. at 4-7).  Genius is wrong.

First, Rule 26(a)(1)(A)(i) requires disclosure of "the name" of each individual the party "may use" to support its case.  Genius ▮▮▮ (Mot. at 3).  That omission violates Rule 26(a).  Second, Rule 26(e)(1)(A) requires "timely" supplementation.  Genius's August 8 addition of ▮▮▮—amid roughly 45 other entries—was not timely or meaningful notice, especially given the flurry of depositions in the closing two weeks of discovery and ▮▮▮ (Mot. at 6).  Catchall designations of "unnamed corporate representative[s]" are inconsistent with Rule 26(a)'s command to identify witnesses by name and cannot be used as a "blanket end-run around Rule 26(a)."  *Open Cheer & Dance Championship Series, LLC* v. *Varsity Spirit, LLC*, 2025 WL 2053286, at *4 (N.D. Tex. July 21, 2025).

Nor does Genius's invocation of Rule 26(e)'s "made known" clause salvage its noncompliance. (Opp. at 5).  The fact that ▮▮▮ does



not relieve Genius of its independent obligation to disclose the "name" of each witness it "may use" at trial. Fed. R. Civ. P. 26(a)(1)(A)(i). The rule is not satisfied by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Open Cheer & Dance*, 2025 WL 2053286, at *4 (N.D. Tex. July 21, 2025). Finally, trial disclosures do not cure Rule 26(a)(1)(e) violations. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ on November 21, 2025—months after the close of fact discovery—is precisely the surprise Rule 37(c)(1) exists to prevent.

## II. Genius Has Not Carried Its Burden to Show Justification or Harmlessness

Genius bears the burden under Rule 37(c)(1). Its Opposition confirms it cannot meet it.

*No Substantial Justification*. Genius had every opportunity to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ PANDA's tying theory has always ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Genius's own production reflected ▇▇▇▇▇▇▇ and yet ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ This is not inadvertence; it is a strategic choice that Rule 37 does not condone. Genius suggests it had no obligation to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Opp. at 8). But that approach is exactly what courts reject. The rule requires names; ▇▇▇▇▇▇▇▇▇▇▇, served two weeks before discovery closed and ▇▇▇▇▇▇▇▇▇▇▇, do not satisfy discovery Genius's obligations. *See Open Cheer & Dance*, 2025 WL 2053286, at *3-4 (explaining that the purposes of Rule 26(a) are rendered "meaningless if the disclosing party provides deficient information").

*Not Harmless*. Allowing ▇▇▇▇▇▇▇▇▇▇▇ would substantially prejudice PANDA. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ PANDA would

-3-

be forced, with trial approaching, to ███████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████ That is the definition of unfair surprise

and prejudice. Genius's attempt to blame PANDA for not "follow[ing] up" with ██████ (Opp. at

3) ignores the record and the rules. PANDA subpoenaed ██████ in May 2025. (Mot. at 4).

██████ objected. (*Id.*) In fact, █████████████████████████████████████

█████████████████████████████████████████████████████████ (Dkt. 602-5 at

1). PANDA, while racing to complete dozens of depositions, reasonably focused on third parties

that engaged and produced discovery. Genius's own choice ████████████ before the

close of the fact discovery deadline deprived PANDA of █████████████████ The

prejudice is a consequence of Genius's noncompliance.

### III. The Fifth Circuit's Four-Factor Test Favors Exclusion

Genius invokes factors associated with Rule 37 determinations—explanation, importance, prejudice, and availability of a continuance. (Opp. at 7-11). *Each* favors exclusion.

***Explanation***. Genius offers no valid explanation for ████████████████ during discovery, despite knowing ████████████████████████████████ for over a year. ***Importance***. If anything, ██████████████████████████ intensifies the prejudice from Genius's failure. █████████████████████████████████████

█████████████████████████████████████████████████ is exactly what Rule

37(c)(1) aims to preclude. ***Prejudice***. PANDA will be substantially prejudiced by ██████

████████████████████████████████████████████████████████████████████

***Continuance***. A continuance is not a cure. It would reward noncompliance, derail an impending

trial, and force PANDA to divert its trial preparation to █████████████████

And while Genius cites authorities suggesting that corporate-representative placeholders can, in extremely limited settings, suffice, those cases allow it only when multiple individuals at a corporation could testify to the relevant subject matter.² Genius eviscerates its own argument on this point by arguing that ███████████████████████████████████████████ (Opp. at 6). It is axiomatic, then, that Genius was required to disclose ████████ during discovery.

### IV.  Genius's Narrative Distorts the Record and Does Not Excuse the Violation

The record is clear that ██████████████████████████████████████████ during the discovery period. Genius's claim that █████████████████████████████████ ████████████████████████████ (*See* Opp. at 3 (citing Dkt. 602-5 at 1)). In an August 12 email, after █████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ (Dkt. 602-5 at 1). Genius contends that ████████ somehow reflects █████████████████ ████████ (Opp. at 1), but it confirms just the opposite: ████████████████ █████████████████████████████ Had Genius timely or meaningfully disclosed ███████████████ which it failed to do, PANDA would have taken a different approach with respect to ██████████████████████████ Instead, faced with critical deadlines, PANDA pursued and obtained third-party discovery where available. ████████████ ██████████████████████████ and Genius's refusal to disclose ████████ during discovery deprived PANDA of fair notice that ██████████████████████████████████.

---

² *See Spence* v. *Am. Airlines, Inc.*, 775 F. Supp. 3d 963, 973 (N.D. Tex. 2025) (explaining that the generic designation of corporate representatives is sufficient disclosure only when the information "could be elicited from any number of corporate representatives"); *Mercury Luggage Mfg. Co.* v. *Domain Prot., LLC*, 2020 WL 7122859, at *4 (N.D. Tex. Dec. 4, 2020) (permitting undisclosed witnesses to provide declarations and authentications in connection with summary judgment when topics involved were "largely relate[d] to historical events and registrations").

| | |
|---|---|
| Dated: December 26, 2025 | Respectfully submitted:<br><br>By: */s/ Christopher C. Campbell*<br>Christopher C. Campbell (#444262 DC)<br>ccampbell@cahill.com<br>Britton F. Davis (#43909 CO)<br>bdavis@cahill.com<br>Matthew D. Wood (#24110548)<br>mdwood@cahill.com<br>**CAHILL GORDON & REINDEL LLP**<br>900 16th Street, N.W., Suite 500<br>Washington, D.C. 20006<br><br>Edward N. Moss (admitted *pro hac vice*)<br>emoss@cahill.com<br>Andrew Cochran (#5276738 NY)<br>acochran@cahill.com<br>Margaret A. Barone (admitted *pro hac vice*)<br>mbarone@cahill.com<br>Adam S. Mintz (admitted *pro hac vice*)<br>amintz@cahill.com<br>**CAHILL GORDON & REINDEL LLP**<br>32 Old Slip<br>New York, N.Y. 10005<br><br>Greg Love (#24013060)<br>glove@cjsjlaw.com<br>Mark Siegmund (#24117055)<br>msiegmund@cjsjlaw.com<br>William Ellerman (#24007150)<br>wellerman@cjsjlaw.com<br>**CHERRY JOHNSON SIEGMUND JAMES**<br>Bridgeview Center<br>7901 Fish Pond Rd., Second Floor<br>Waco, Texas 76710<br>(254) 732-2242<br><br>*Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record have been served with a copy of the foregoing document via email on December 26, 2025.

<div style="text-align:right">

*/s/ Christopher C. Campbell*
Christopher C. Campbell

</div>

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify under Local Rule CV-5(a)(7)(B) that the foregoing motion is authorized to be filed under seal pursuant to the Amended Protective Order (Dkt. 192).

<div style="text-align:right">

*/s/ Christopher C. Campbell*
Christopher C. Campbell

</div>