**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| SPORTSCASTR INC. (d/b/a PANDA INTERACTIVE), *Plaintiff–Counterclaim Defendant,* v. GENIUS SPORTS LTD., GENIUS SPORTS MEDIA LTD., GENIUS SPORTS TECHNOLOGIES LTD., GENIUS SPORTS UK LTD., GENIUS SPORTS HOLDINGS LTD., GENIUS SPORTS GROUP LTD., MAVEN TOPCO LTD., MAVEN MIDCO LTD., MAVEN DEBTCO LTD., and MAVEN BIDCO LTD., *Defendants–Counterclaim Plaintiffs.* | Civil Action No. 2:23-cv-00471-JRG JURY TRIAL DEMANDED |

## PANDA'S ANSWER AND DEFENSES TO GENIUS'S COUNTERCLAIMS[1]

Plaintiff and Counterclaim-Defendant Sportscastr Inc. (d/b/a PANDA Interactive) ("PANDA"), by and through its attorneys, respectfully submits the following Answer and Defenses to Defendants and Counterclaim-Plaintiffs Genius Sports Ltd.'s, Genius Sports Media Ltd.'s, Genius Sports Technologies Ltd.'s, Genius Sports UK Ltd.'s, Genius Sports Holdings Ltd.'s, Genius Sports Group Ltd.'s, Maven Topco Ltd.'s, Maven Midco Ltd.'s, Maven Debtco

---

[1] To the extent any headings are considered assertions or contentions that may form part of Genius's Counterclaims, each of the assertions or contentions of each heading is expressly denied.

█████████
███████████

Ltd.'s, and Maven Bidco Ltd.'s (collectively, "Genius") Counterclaims to Plaintiff's Third Amended Complaint for Patent Infringement (Dkt. 693) (the "Counterclaims"). In doing so, PANDA expressly denies the allegations of the Counterclaims except as specifically set forth herein.

As a general matter, PANDA objects to Genius's argumentative subheadings; to the extent they contain factual allegations, PANDA denies them.

Further, PANDA expressly denies that U.S. Patent Nos. 10,805,687 ("'687 Patent"), 11,039,218 ("'218 Patent"), 10,425,697 ("'697 Patent"), and 11,871,088 ("'088 Patent") (collectively, the "Asserted Patents") are invalid and are not infringed by Genius. PANDA further denies that Genius is entitled to declaratory judgment on the '687 Patent, '218 Patent, '697 Patent, or '088 Patent claims on inequitable conduct, non-infringement, invalidity, or unpatentability grounds.

## THE PARTIES

1.      On information and belief, PANDA admits that Genius Sports Ltd. is incorporated under the laws of Guernsey and has its corporate headquarters in London, U.K.

2.      On information and belief, PANDA admits that Genius Sports Media Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

3.      On information and belief, PANDA admits that Genius Sports Technologies Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

4.      On information and belief, PANDA admits that Genius Sports UK Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

5.      On information and belief, PANDA admits that Genius Sports Holdings Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

██████████
██████████████

6.      On information and belief, PANDA admits that Genius Sports Group Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

7.      On information and belief, PANDA admits that Maven Topco Ltd. is incorporated under the laws of Guernsey and has its corporate headquarters in London, U.K.

8.      On information and belief, PANDA admits that Maven Midco Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

9.      On information and belief, PANDA admits that Maven Debtco Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

10.     On information and belief, PANDA admits that Maven Bidco Ltd. is incorporated in the United Kingdom and has its corporate headquarters in London, U.K.

11.     PANDA admits that PANDA is a corporation organized under the laws of Delaware.

## JURISDICTION AND VENUE

12.     Paragraph 12 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 12 of the Counterclaims.

13.     PANDA admits that this Court has subject matter jurisdiction over Genius's Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

14.     PANDA admits that it has consented to personal jurisdiction of this Court.

15.     PANDA admits that venue is proper in this District as to Genius's Counterclaims.

## COUNTERCLAIM I
### (NONINFRINGEMENT OF U.S. PATENT NO. 10,805,687)

16.    PANDA admits that it has alleged that Genius has infringed and continues to infringe at least claims 10, 19, and 20 of the '687 Patent.

17.    PANDA admits that there is an actual and justiciable controversy with respect to Genius's alleged infringement of at least claims 10, 19, and 20 of the '687 Patent.

18.    Paragraph 18 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 18 of the Counterclaims.

19.    Paragraph 19 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 19 of the Counterclaims.

## COUNTERCLAIM II
### (INVALIDITY OF U.S. PATENT NO. 10,805,687)

20.    PANDA admits that it has brought claims against Genius alleging infringement of at least claims 10, 19, and 20 of the '687 Patent.

21.    Denied.

22.    PANDA admits that there is an actual case or controversy between itself and Genius regarding the validity of the claims of the '687 Patent.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 22 of the Counterclaims.

23.    Paragraph 23 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 23 of the Counterclaims.

## COUNTERCLAIM III
### (NONINFRINGEMENT OF U.S. PATENT NO. 11,039,218)

24.    PANDA admits that it has brought claims against Genius alleging that Genius has infringed and continues to infringe at least claims 1 and 4 of the '218 Patent.

25.    PANDA admits that there is an actual and justiciable controversy with respect to Genius's alleged infringement of at least claims 1 and 4 of the '218 Patent.

26.    Paragraph 26 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 26 of the Counterclaims.

27.    Paragraph 27 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 27 of the Counterclaims.

## COUNTERCLAIM IV
### (INVALIDITY OF U.S. PATENT NO. 11,039,218)

28.    PANDA admits that it has brought claims against Genius alleging infringement of at least claims 1 and 4 of the '218 Patent.

29.    Denied.

30.    PANDA admits that there is an actual case or controversy between itself and Genius regarding the validity of the claims of the '218 Patent.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 30 of the Counterclaims.

31.    Paragraph 31 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 31 of the Counterclaims.

███████

████████

### COUNTERCLAIM V
### (NONINFRINGEMENT OF U.S. PATENT NO. 10,425,697)

32.    PANDA admits that it has brought claims against Genius alleging that Genius has infringed and continues to infringe at least claims 19 and 20 of the '697 Patent.

33.    PANDA admits that there is an actual and justiciable controversy with respect to Genius's alleged infringement of the '697 Patent.

34.    Paragraph 34 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 34 of the Counterclaims.

35.    Paragraph 35 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 35 of the Counterclaims.

### COUNTERCLAIM VI
### (INVALIDITY OF U.S. PATENT NO. 10,425,697)

36.    PANDA admits that it has brought claims against Genius alleging infringement of at least claims 19 and 20 of the '697 Patent.

37.    Denied.

38.    PANDA admits that there is an actual case or controversy between itself and Genius regarding the validity of the claims of the '697 Patent.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 38 of the Counterclaims.

39.    Paragraph 39 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 39 of the Counterclaims.

██████████
██████████

## COUNTERCLAIM VII
### (NONINFRINGEMENT OF U.S. PATENT NO. 11,871,088)

40.    PANDA admits that it has brought claims against Genius alleging that Genius has infringed and continues to infringe at least claims 1 and 6 of the '088 Patent.

41.    PANDA admits that there is an actual and justiciable controversy with respect to Genius's alleged infringement of at least claims 1 and 6 of the '088 Patent.

42.    Paragraph 42 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 42 of the Counterclaims.

43.    Paragraph 43 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 43 of the Counterclaims.

## COUNTERCLAIM VIII
### (INVALIDITY OF U.S. PATENT NO. 11,871,088)

44.    PANDA admits that it has brought claims against Genius alleging infringement of at least claims 1 and 6 of the '088 Patent.

45.    Denied.

46.    PANDA admits that there is an actual case or controversy between itself and Genius regarding the validity of the claims of the '088 Patent.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 46 of the Counterclaims.

47.    Paragraph 47 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 47 of the Counterclaims.

██████████

████████████████

## COUNTERCLAIM IX
## (UNENFORCEABILITY OF THE PATENTS-IN-SUIT DUE TO INEQUITABLE CONDUCT)

48.    Paragraph 48 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA expressly denies that individuals associated with PANDA intentionally failed to disclose to the United States Patent and Trademark Office ("USPTO") all information known to that individual to be material to patentability, with the intent to deceive the USPTO and its agents into issuing patent claims to PANDA.  PANDA denies that any person intended to deceive the USPTO or withheld information material to patentability; PANDA further denies that ██████ taught PANDA the claimed sockets architecture and affirms that use of sockets appears in PANDA's August 5, 2016 '558 Provisional and in working code prior to November 2016.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 48 of the Counterclaims.

49.    Denied.

50.    Paragraph 50 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 50 of the Counterclaims.

51.    Paragraph 51 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA admits that the Named Inventors were aware of their duty of candor and good faith to the USPTO to disclose all information known to them to be material to patentability.  PANDA further admits that the Named Inventors executed a "Patent Application Declaration and Power of Attorney."  PANDA states that Paragraph 51 of the Counterclaims purports to reproduce an incomplete quotation from this document without citation, that no answer is required, and that the incomplete quotation, in context of the complete document, speaks for

itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 51 of the Counterclaims.

52.     Paragraph 52 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 52 of the Counterclaims.

53.     Paragraph 53 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 53 of the Counterclaims.

54.     Paragraph 54 of the Counterclaims recites a legal conclusion to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 54 of the Counterclaims.

55.     Paragraph 55 of the Counterclaims recites a legal conclusion to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 55 of the Counterclaims.

56.     Paragraph 56 of the Counterclaims recites a legal conclusion to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 56 of the Counterclaims.

57.     Paragraph 57 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 57 of the Counterclaims.

58.     Paragraph 58 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 58 of the Counterclaims.

59.    Paragraph 59 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 59 of the Counterclaims.

60.    Paragraph 60 of the Counterclaims recites numerous legal conclusions to which no response is required. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 60 of the Counterclaims.

61.    PANDA admits that in or around July 2016, ███████████████████ ███████████████. PANDA states that Paragraph 61 of the Counterclaims references a document produced at PANDA-SR_0409226, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA also states that Paragraph 61 of the Counterclaims purports to reproduce an incomplete quotation from Kevin April's August 21, 2025 deposition, that no answer is required, and that the incomplete quotation, in context of the complete testimony, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 61 of the Counterclaims.

62.    Paragraph 62 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA admits that in or around August 5, 2016, PANDA filed the '558 Provisional for "Sportscastr MVP Launch, Development Kit, Rev 1.0."  PANDA states that Paragraph 62 of the Counterclaims references a document produced at SCSTR00032452, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA further states that Paragraph 62 of the Counterclaims purports to reproduce incomplete quotations from the August 6, 2025 deposition of Peter Azuolas and August 21, 2025 deposition of Kevin April, that no answer is required, and that the incomplete quotations, in context

███████

██████████

of the complete testimony, speak for themselves. PANDA expressly denies that the '558 Provisional failed to disclose the use of sockets because Dr. Chatterjee's unrebutted expert testimony demonstrates that ████████████████████. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 62 of the Counterclaims.

63.    PANDA admits that certain Named Inventors and ██████ communicated in or around August 2016. PANDA states that Paragraph 63 of the Counterclaims purports to reproduce a single captured image of a document produced at PANDA-SR_0409226, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself. PANDA further states that Paragraph 63 of the Counterclaims purports to reproduce incomplete quotations from the August 21, 2025 deposition of Kevin April, that no answer is required, and that the incomplete quotations, in context of the complete testimony, speak for themselves. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 63 of the Counterclaims.

64.    Paragraph 64 does not appear in Genius's Counterclaims (Dkt. 693). PANDA accounts for Paragraph 64 here for formatting purposes. PANDA reserves all rights to answer any allegations made in Paragraph 64 to the extent Genius later contends such allegations existed.

65.    Paragraph 65 does not appear in Genius's Counterclaims (Dkt. 693). PANDA accounts for Paragraph 65 here for formatting purposes. PANDA reserves all rights to answer any allegations made in Paragraph 65 to the extent Genius later contends such allegations existed.

66.    Paragraph 66 does not appear in Genius's Counterclaims (Dkt. 693). PANDA accounts for Paragraph 66 here for formatting purposes. PANDA reserves all rights to answer any allegations made in Paragraph 66 to the extent Genius later contends such allegations existed.

██████████

████████████████

67.    Paragraph 67 does not appear in Genius's Counterclaims (Dkt. 693).  PANDA accounts for Paragraph 67 here for formatting purposes.  PANDA reserves all rights to answer any allegations made in Paragraph 67 to the extent Genius later contends such allegations existed.

68.    Paragraph 68 does not appear in Genius's Counterclaims (Dkt. 693).  PANDA accounts for Paragraph 68 here for formatting purposes.  PANDA reserves all rights to answer any allegations made in Paragraph 68 to the extent Genius later contends such allegations existed.

69.    PANDA admits that ████████████████████████████

████.  PANDA states that Paragraph 69 of the Counterclaims purports to reproduce a single captured image from a document produced at PANDA-SR_0409226, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  PANDA further states that Paragraph 69 of the Counterclaims purports to reproduce incomplete quotations from the August 21, 2025 deposition of Kevin April and a document produced at PANDA-SR_0409226, that no answer is required, and that the incomplete quotations, in context of the complete testimony and complete document, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 69 of the Counterclaims.

70.    PANDA admits that ████████████████████████████

████████.  PANDA states that Paragraph 70 of the Counterclaims purports to reproduce an incomplete quotation from a document produced at PANDA-SR_0409226, that no answer is required, and that the incomplete quotation, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 70 of the Counterclaims.

██████████

██████████████

71.    PANDA admits that ████████████████████████████████████

██████.  PANDA states that Paragraph 71 of the Counterclaims purports to reproduce an incomplete quotation from the document produced at PANDA-SR_0409226, that no answer is required, and that the incomplete quotation, in context of the complete document, speaks for itself. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 71 of the Counterclaims.

72.    PANDA admits that ████████████████████████████████████

██████.  PANDA states that Paragraph 72 of the Counterclaims purports to reproduce a single captured image from a document produced at PANDA-SR_0409226, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  PANDA further states that Paragraph 72 of the Counterclaims quotes the document produced at PANDA-SR_0409226 inaccurately and incompletely, that no answer is required, and that the document speaks for itself.  PANDA states that Paragraph 72 of the Counterclaims purports to reproduce incomplete quotations from the August 21, 2025 deposition of Kevin April, that no answer is required, and that the incomplete quotations, in context of the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 72 of the Counterclaims.

73.    PANDA admits that ████████████████████████████████████

██████████████.  PANDA states that Paragraph 73 of the Counterclaims purports to reproduce a single captured image from a document produced at PANDA-SR_0409226, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  PANDA further states that Paragraph 73 of the Counterclaims purports to reproduce incomplete quotations from documents produced at PANDA-

████████████

██████████████████████

GE_147141 and PANDA-GE_147139, that no answer is required, and that the incomplete quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 73 of the Counterclaims.

74.    PANDA expressly denies that ████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████.

PANDA states that Paragraph 74 of the Counterclaims purports to reproduce incomplete quotations from a document produced at PANDA-SR_0409226, that no answer is required, and that the incomplete quotations, in context of the complete document, speak for themselves. PANDA further states that Paragraph 74 of the Counterclaims references documents produced at PANDA-GE_147139 and PANDA-GE_147141, that no answer is required, and the referenced documents, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 74 of the Counterclaims.

75.    PANDA expressly denies that ████████████████████████████

████████████.  PANDA states that Paragraph 75 of the Counterclaims purports to reproduce a single captured image from a document produced at PANDA-GE_147139, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 75 of the Counterclaims.

██████████████

████████████████████

76.    PANDA expressly denies that ████████████████████████████████ ██████████████.  PANDA states that Paragraph 76 of the Counterclaims purports to reproduce captured images from a document produced at PANDA-GE_147141, that no answer is required, and that the captured images, in context of the complete document, speaks for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 76 of the Counterclaims.

77.    PANDA expressly denies that ████████████████████████████████ ██████████████.  PANDA states that Paragraph 77 of the Counterclaims purports to reproduce captured images from a document produced at PANDA-GE_147141, that no answer is required, and that the captured images, in context of the complete document, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 77 of the Counterclaims.

78.    PANDA expressly denies that ████████████████████████████████ ██████████████.  PANDA states that Paragraph 78 of the Counterclaims purports to reproduce incomplete quotations from the August 5, 2025 deposition of Peter Azuolas, that no answer is required, and that the incomplete quotations, in context of the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 78 of the Counterclaims.

79.    PANDA expressly denies that ████████████████████████████████ ██████████████.  PANDA states that Paragraph 79 of the Counterclaims purports to reproduce incomplete quotations from a document produced at PANDA-SR_0039921, that no answer is required, and that the incomplete quotations, in context of the complete document, speak for

████████████████

████████████████████

themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 79 of the Counterclaims.

80.    PANDA expressly denies that ████████████████████████████ ████████████.  PANDA admits that the '361 Provisional added Peter Azuolas as an inventor. PANDA states that the '558 Provisional disclosed the usage of sockets and denies that the '361 Provisional was the first disclosure of uses of sockets.  PANDA further states that Paragraph 80 of the Counterclaims purports to reproduce incomplete quotations from a document produced at SCSTR00032508, the August 21, 2025 deposition of Kevin April, and the August 6, 2025 deposition of Peter Azuolas, that no answer is required, and that the incomplete quotations, in context of the complete document and complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 80 of the Counterclaims.

81.    Paragraph 81 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that the '558 Provisional disclosed the use of sockets. PANDA further states that Paragraph 81 of the Counterclaims references applications for the Asserted Patents and the Asserted Patents themselves, that no answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 81 of the Counterclaims.

82.    Paragraph 82 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA expressly denies that ████████████████████ ████████████.  PANDA further states that Paragraph 82 of the Counterclaims references applications for the Asserted Patents and the Asserted Patents themselves, that no

16

answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 82 of the Counterclaims.

83.      Paragraph 83 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA further states that Paragraph 83 of the Counterclaims references applications for the Asserted Patents and the Asserted Patents themselves, that no answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.

84.      PANDA states that Paragraph 84 of the Counterclaims purports to reproduce incomplete quotations from the '697 Patent, '687 Patent, '218 Patent, and '088 Patent, that no answer is required, and that the incomplete quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 84 of the Counterclaims.

85.      PANDA states that Paragraph 85 of the Counterclaims reference the '697 Patent, '687 Patent, '218 Patent, and '088 Patent, that no answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 85 of the Counterclaims.

86.      Denied.

87.      Paragraph 87 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 87 of the Counterclaims.

████████████
██████████████████

88.    PANDA admits that the Named Inventors executed a "Patent Application and Power of Attorney."  PANDA states that Paragraph 88 of the Counterclaims purports to reproduce incomplete quotations without citation from the "Patent Application and Power of Attorney," that no answer is required, and that the incomplete quotations, in context of the complete document, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 88 of the Counterclaims.

89.    PANDA admits that the Named Inventors were aware of their duty of candor with the USPTO to submit information known to be material to patentability and states that the Named Inventors adhered and complied with this duty.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 89 of the Counterclaims.

90.    Paragraph 90 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA admits that the Named Inventors were required to disclose material information to the patent office.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 90 of the Counterclaims.

91.    Paragraph 91 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 91 of the Counterclaims.

92.    PANDA objects to the vague reference in Paragraph 92 of the Counterclaims to "Mr. Schupak" because this term could refer to Donald, Andrew, or Philip Nicholas Schupak. PANDA admits that Philip Nicholas Schupak is a Named Inventor on each Asserted Patent. PANDA states that Paragraph 92 of the Counterclaims purports to reproduce incomplete quotations from the July 30, 2025 deposition of Philip Nicholas Schupak and August 6, 2025 deposition of Peter Azuolas, that no answer is required, and that the incomplete quotations, in

███████████
████████████████████

context of the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 92 of the Counterclaims.

93.    PANDA admits that Brian Silston is a Named Inventor on each Asserted Patent. PANDA states that Paragraph 93 of the Counterclaims purports to reproduce incomplete quotations from the August 12, 2025 and August 13, 2025 depositions of Brian Silston, that no answer is required, and that the incomplete quotations, in context of the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 93 of the Counterclaims.

94.    PANDA admits that Peter Azuolas is a Named Inventor on each Asserted Patent. PANDA states that Paragraph 94 of the Counterclaims purports to reproduce incomplete quotations from the August 5, 2025 and August 6, 2025 depositions of Peter Azuolas, that no answer is required, and that the incomplete quotations, in context of the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 94 of the Counterclaims.

95.    PANDA admits that Kevin April is a Named Inventor on each Asserted Patent. PANDA states that Paragraph 95 of the Counterclaims purports to reproduce incomplete quotations from the August 20, 2025 and August 21, 2025 depositions of Kevin April, that no answer is required, and that the incomplete quotations, in context of the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 95 of the Counterclaims.

96.    PANDA admits that the Named Inventors were aware of their duty of candor with the USPTO to submit information known to be material to patentability and states that the Named

Inventors adhered and complied with this duty. PANDA states that Paragraph 96 of the Counterclaims purports to reproduce incomplete quotations from the August 21, 2025 deposition of Kevin April, that no answer is required, and that the incomplete quotations, in context of the complete testimony, speak for themselves. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 96 of the Counterclaims.

97.    PANDA states that Paragraph 97 of the Counterclaims purports to reproduce an incomplete quotation from the August 21, 2025 deposition of Kevin April, that no answer is required, and that the incomplete quotation, in context of the complete testimony, speaks for itself. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 97 of the Counterclaims.

98.    PANDA admits that the '558 Provisional was filed on August 5, 2016. PANDA further admits that Philip Nicholas Schupak, Brian Silston, and Kevin April are Named Inventors of the '558 Provisional. PANDA states that Paragraph 98 of the Counterclaims references documents produced at SCSTR00032452, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 98 of the Counterclaims.

99.    PANDA expressly denies that the use of sockets is not disclosed by the '558 Provisional. PANDA states that Paragraph 99 of the Counterclaims references a document produced at SCSTR00032452, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself. PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.

PANDA further states that Paragraph 99 of the Counterclaims purports to reproduce incomplete quotations from the August 21, 2025 deposition of Kevin April and August 6, 2025 deposition of Peter Azuolas, that no answer is required, and that the incomplete quotations, in context of the complete document, speak for themselves. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 99 of the Counterclaims.

100. PANDA states that Paragraph 100 of the Counterclaims references the '558 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 100 of the Counterclaims.

101. Admitted.

102. PANDA admits that U.S. Provisional Application No. 62/435,361 (the "'361 Provisional") was filed on or around December 16, 2016. PANDA expressly denies that "Mr. Schupak" is a Named Inventor, but admits that Philip Nicholas Schupak, Peter Azuolas, Brian Silston, and Kevin April are Named Inventors. PANDA admits that the '361 Provisional, as with the '558 Provisional, is titled "Systems, Apparatus, and Methods for Live Commentary." PANDA states that Paragraph 102 of the Counterclaims references the document produced at SCSTR00032508 which, in context of the complete document, speaks for itself.

103. PANDA states that Paragraph 103 of the Counterclaims purports to reproduce a single captured image from a document produced at SCSTR00032508, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself. PANDA expressly denies that the '558 Provisional did not disclose the use of sockets. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 103 of the Counterclaims.

████████████

████████████

104.    PANDA states that Paragraph 104 of the Counterclaims references the '361 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 104 of the Counterclaims.

105.    Admitted.

106.    PANDA admits that U.S. Provisional Application No. 62/485,878 (the "'878 Provisional") was filed on or around April 14, 2017.  PANDA expressly denies that "Mr. Shupak" is a Named Inventor, but admits that Philip Nicholas Schupak, Brian Silston, Kevin April, and Peter Azuolas are Named Inventors.  PANDA admits that the '878 Provisional is titled "Systems, Apparatus, and Methods for Live Streaming, Recording, and Replay of Broadcast Video and/or Audio Via the Internet."  PANDA states that Paragraph 106 of the Counterclaims references the document produced at SCSTR00032581 which, in context of the complete document, speaks for itself.

107.    PANDA states that Paragraph 107 of the Counterclaims references the '878 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.

108.    PANDA states that Paragraph 108 of the Counterclaims references the '878 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not

material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 108 of the Counterclaims.

109.    Admitted.

110.    PANDA admits that U.S. Provisional Application No. 62/518,506 (the "'506 Provisional") was filed on or around June 12, 2017.  PANDA expressly denies that "Mr. Shupak" is a Named Inventor, but admits that Philip Nicholas Schupak, Brian Silston, Kevin April, and Peter Azuolas are Named Inventors.  PANDA admits that the '506 Provisional is titled "Systems, Apparatus, and Methods for Scalable Low-Latency Viewing of Broadcast Digital Content Streams of Live Events, and Synchronization of Event Information With Viewed Streams Via Multiple Internet Channels and an HTTP Live Streaming (HLS) Caching Server Architecture."  PANDA states that Paragraph 110 of the Counterclaims references the document produced at SCSTR00033237 which, in context of the complete document, speaks for itself.

111.    PANDA states that Paragraph 111 of the Counterclaims references the '506 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.

112.    PANDA states that Paragraph 112 of the Counterclaims references the '506 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 112 of the Counterclaims.

113.    Admitted.

114.    PANDA admits that PCT/US2017/045801 (the "'801 PCT Application") was filed on or around August 7, 2017 and published in 2018.  PANDA further admits that Philip Nicholas Schupak, Brian Silston, Kevin April, and Peter Azuolas are Named Inventors.  PANDA further admits that the earliest date to which the '801 PCT Application claims priority is August 5, 2016. PANDA states that Paragraph 114 of the Counterclaims references sections of the '801 PCT Application, no answer is required, and the referenced sections of the '801 PCT Application, in context of the complete document speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 114 of the Counterclaims.

115.    PANDA states that Paragraph 115 of the Counterclaims references the '801 PCT Application, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.

116.    PANDA states that Paragraph 116 of the Counterclaims references the '801 PCT Application, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 116 of the Counterclaims.

117.    Admitted.

118.    PANDA admits that U.S. Provisional Application No. 62/507,158 (the "'158 Provisional") was filed on or around May 16, 2017.  PANDA expressly denies that "Mr. Shupak" is a Named Inventor, but admits that Philip Nicholas Schupak, Brian Silston, Kevin April, and

███████

███████

Peter Azuolas are Named Inventors.  PANDA states that Paragraph 118 of the Counterclaims purports to reproduce incomplete quotations of the document produced at SCSTR00032918, that no answer is required, and that the incomplete quotations, in context of the complete document, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 118 of the Counterclaims.

119.    PANDA states that Paragraph 119 of the Counterclaims references the '158 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.

120.    PANDA states that Paragraph 120 of the Counterclaims references the '158 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 120 of the Counterclaims.

121.    Admitted.

122.    PANDA admits that U.S. Provisional Application No. 62/542,729 (the "'729 Provisional") was filed on or around August 8, 2017.  PANDA expressly denies that "Mr. Shupak" is a Named Inventor, but admits that Philip Nicholas Schupak, Brian Silston, Kevin April, and Peter Azuolas are Named Inventors.  PANDA states that Paragraph 122 of the Counterclaims purports to reproduce incomplete quotations of the document produced at SCSTR00033541, that no answer is required, and that the incomplete quotation, in context of the complete document,

speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 122 of the Counterclaims.

123.    PANDA states that Paragraph 123 of the Counterclaims references the '729 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.

124.    PANDA states that Paragraph 124 of the Counterclaims references the '729 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 124 of the Counterclaims.

125.    Admitted.

126.    PANDA admits that U.S. Provisional Application No. 62/627,859 (the "'859 Provisional") was filed on or around February 8, 2018.  PANDA expressly denies that "Mr. Shupak" is a Named Inventor, but admits that Philip Nicholas Schupak, Brian Silston, Kevin April, and Peter Azuolas are Named Inventors.  PANDA states that Paragraph 126 of the Counterclaims purports to reproduce incomplete quotations of the document produced at SCSTR00033916, that no answer is required, and that the incomplete quotations, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 126 of the Counterclaims.

███████████

███████████

127.    PANDA states that Paragraph 127 of the Counterclaims references the '859 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.

128.    PANDA states that Paragraph 128 of the Counterclaims references the '859 Provisional, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 128 of the Counterclaims.

129.    Admitted.

130.    Paragraph 130 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 130 of the Counterclaims.

131.    PANDA admits that U.S. Application No. 16/267,887 (the "'887 Application") was filed on or around February 5, 2019.  PANDA further admits that Philip Nicholas Schupak, Brian Silston, Kevin April, and Peter Azuolas are Named Inventors.  PANDA states that Paragraph 131 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 131 of the Counterclaims.

132.    PANDA states that Paragraph 132 of the Counterclaims purports to reproduce an incomplete quotation from the document produced at SCSTR00000001, that no answer is required,

███████████████

███████████████████████████

and that the incomplete quotation, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 132 of the Counterclaims.

133.    PANDA states that Paragraph 133 of the Counterclaims purports to reproduce a single captured image from a document produced at SCSTR00000001, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 133 of the Counterclaims.

134.    PANDA states that Paragraph 134 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 134 of the Counterclaims.

135.    PANDA states that Paragraph 135 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 135 of the Counterclaims.

136.    PANDA states that Paragraph 136 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 136 of the Counterclaims.

137.    PANDA states that Paragraph 137 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself.  PANDA also states that Paragraph 137 of the Counterclaims purports to reproduce a single captured image from a document produced at SCSTR00000001, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 137 of the Counterclaims.

138.    PANDA states that Paragraph 138 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself.  PANDA also states that Paragraph 138 of the Counterclaims purports to reproduce a single captured image from a document produced at SCSTR00000001, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 138 of the Counterclaims.

139.    PANDA states that Paragraph 139 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself.  PANDA also states that Paragraph 139 of the Counterclaims purports to reproduce a single captured image from a document produced at SCSTR00000001, that no answer is required, and that the single captured image, in context of the

complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 139 of the Counterclaims.

140.    PANDA states that Paragraph 140 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA states that PANDA produced documents in this litigation pursuant to the ESI Order (Dkt. 45) and the mutually negotiated search terms and custodians agreed to by the parties.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 140 of the Counterclaims.

141.    PANDA states that Paragraph 141 of the Counterclaims references a document produced at SCSTR00000001, that no answer is required, and the referenced document, in context of the complete document, speaks for itself.  PANDA also states that Paragraph 141 of the Counterclaims purports to reproduce a single captured image from a document produced at SCSTR00000001, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 141 of the Counterclaims.

142.    PANDA admits that the '887 Application issued on or around September 24, 2019 as the '697 Patent.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 142 of the Counterclaims.

143.    PANDA admits that U.S. Application No. 16/580,552 (the "'552 Application") was filed on or around September 24, 2019.  PANDA also admits that the Application Data Sheet states the application was a continuation of the '887 Application, and claimed the benefit of the '558 Provisional, the '361 Provisional, the '878 Provisional, and the '506 Provisional.

████████████

████████████████████████████

144.    PANDA admits that Kevin April, Peter Azuolas, Philip Nicholas Schupak, and Brian Silston are Named Inventors.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 144 of the Counterclaims.

145.    PANDA states that Paragraph 145 of the Counterclaims purports to reproduce an incomplete quotation from the document produced at SCSTR0000576, that no answer is required, and that the incomplete quotation, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 145 of the Counterclaims.

146.    PANDA states that Paragraph 146 of the Counterclaims references a document produced at SCSTR0000576, and that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 146 of the Counterclaims.

147.    PANDA states that Paragraph 147 of the Counterclaims references a document produced at SCSTR0000576, and that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 147 of the Counterclaims.

148.    PANDA states that Paragraph 148 of the Counterclaims references a document produced at SCSTR0000576, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 148 of the Counterclaims.

█████████
█████████

149.    Paragraph 149 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 149 of the Counterclaims references a document produced at SCSTR0000576, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 149 of the Counterclaims.

150.    PANDA states that Paragraph 150 of the Counterclaims references a document produced at SCSTR0000576, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 150 of the Counterclaims.

151.    PANDA states that Paragraph 151 of the Counterclaims references a document produced at SCSTR0000576, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 151 of the Counterclaims.

152.    PANDA states that Paragraph 152 of the Counterclaims references a document produced at SCSTR0000576, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 152 of the Counterclaims.

153.    PANDA states that Paragraph 153 of the Counterclaims purports to reproduce a single captured image from a document produced at SCSTR0000576, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 153 of the Counterclaims.

154.    PANDA states that Paragraph 154 of the Counterclaims references a document produced at SCSTR0000576, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA expressly denies that any claim amendments were made to "correct clearly unpatentable claims."  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 154 of the Counterclaims.

155.    PANDA states that Paragraph 155 of the Counterclaims references a document produced at SCSTR0000576, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 155 of the Counterclaims.

156.    PANDA admits that U.S. Application No. 17/141,631 (the "'631 Application") was filed on or around January 5, 2021 and is titled "Systems, Apparatus, and Methods for Rendering Digital Content Relating to a Sporting Event with Online Gaming Information."  PANDA also admits that the '631 Application asserts it was a continuation of U.S. Application No. 17/027,219, the '552 Application, and the '887 Application, and claimed the benefit of the '558 Provisional, the '361 Provisional, the '878 Provisional, and the '506 Provisional.

157.    PANDA admits that Kevin April, Peter Azuolas, Philip Nicholas Schupak, and Brian Silston are Named Inventors.  PANDA states that Paragraph 157 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 157 of the Counterclaims.

158.    PANDA states that Paragraph 158 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 158 of the Counterclaims.

159.    PANDA states that Paragraph 159 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 159 of the Counterclaims.

160.    PANDA states that Paragraph 160 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 160 of the Counterclaims.

161.    Paragraph 161 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 161 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted

herein, PANDA denies each and every other allegation against it set forth in Paragraph 161 of the Counterclaims.

162.    PANDA states that Paragraph 162 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 162 of the Counterclaims.

163.    PANDA states that Paragraph 163 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 163 of the Counterclaims.

164.    PANDA states that Paragraph 164 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 164 of the Counterclaims.

165.    PANDA states that Paragraph 165 of the Counterclaims references a document produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 165 of the Counterclaims.

166.    PANDA admits that the '631 Application issued on or around June 15, 2021 as the '218 Patent.  PANDA states that Paragraph 166 of the Counterclaims references a document

produced at SCSTR00001095, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 166 of the Counterclaims.

167.    PANDA admits that U.S. Application No. 17/833,188 was filed on or around June 6, 2022 as a continuation of U.S. Application No. 16/685,782 (the "'188 Application") and is titled "Systems, Apparatus, and Methods for Scalable Low-Latency Viewing of Integrated Broadcast Commentary and Event Video Streams of Live Events, and Synchronization of Event Information with Viewed Streams Via Multiple Internet Channels."  PANDA also admits that it claims the benefit of the '158 Provisional, the '729 Provisional, and the '859 Provisional.

168.    PANDA admits that Peter Azuolas, Kevin April, Brian Silston, and Philip Nicholas Schupak are Named Inventors.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 168 of the Counterclaims.

169.    PANDA states that Paragraph 169 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 169 of the Counterclaims.

170.    PANDA states Paragraph 170 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 170 of the Counterclaims.

171.    PANDA states Paragraph 171 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 171 of the Counterclaims.

172.    PANDA states that Paragraph 172 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 172 of the Counterclaims.

173.    PANDA states Paragraph 173 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 173 of the Counterclaims.

174.    PANDA states Paragraph 174 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 174 of the Counterclaims.

175.    PANDA states Paragraph 175 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 175 of the Counterclaims.

176.    PANDA states Paragraph 176 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  PANDA denies any material nondisclosure. To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 176 of the Counterclaims.

177.    PANDA states Paragraph 177 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 177 of the Counterclaims.

178.    PANDA states Paragraph 178 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 178 of the Counterclaims.

179.    PANDA states Paragraph 179 of the Counterclaims references a document produced at SCTSR00001887, that no answer is required, and that the referenced document, in context of the complete document, speaks for itself.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 179 of the Counterclaims.

180.    PANDA admits that the '188 Application issued on or around January 9, 2024 as the '088 Patent.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 180 of the Counterclaims.

181.    Paragraph 181 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states Paragraph 181 of the Counterclaims references the Asserted Patents, that no answer is required, and that the referenced documents in context of the complete documents speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 181 of the Counterclaims.

182.    Paragraph 182 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 182 of the Counterclaims purports to reproduce incomplete quotations from Dkts. 126–127, that no answer is required, and that the incomplete quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 182 of the Counterclaims.

183.    PANDA states that Paragraph 183 of the Counterclaims purports to reproduce incomplete quotations from documents filed in IPR2025-00251, IPR2024-01308, IPR2024-01310, and IPR-2023-01305, that no answer is required, and that the incomplete quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 183 of the Counterclaims.

184.    Paragraph 184 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states Paragraph 184 of the Counterclaims references Dkts. 149, 149-1, and 173, that no answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.  PANDA further states that Paragraph 184 of the Counterclaims purports to reproduce incomplete quotations from Dkt. 149, that no answer is required, and that the incomplete quotations, in context of the complete documents, speak for

themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 184 of the Counterclaims.

185.    PANDA states Paragraph 185 of the Counterclaims references Dkts. 149-1, 167, and 173, that no answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 185 of the Counterclaims.

186.    Paragraph 186 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 186 of the Counterclaims purports to reproduce incomplete quotations from Dkt. 303, that no answer is required, and that the incomplete quotations, in context of the complete document, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 186 of the Counterclaims.

187.    Paragraph 187 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 187 of the Counterclaims purports to reproduce incomplete quotations from the August 6, 2025 deposition of Peter Azuolas; August 12, 2025 Deposition of Brian Silston; and the August 21, 2025 deposition of Kevin April, no answer is required, and the incomplete quotations, in context of the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 187 of the Counterclaims.

188.    Paragraph 188 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 188 of the Counterclaims purports to reproduce incomplete quotations from the document produced at SCSTR00000001, no answer is required, and that the incomplete quotations speak for themselves in context of the complete

████████████

████████████████████

document.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 188 of the Counterclaims.

189.    Paragraph 189 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 189 of the Counterclaims purports to reproduce incomplete quotations from the August 5, 2025 deposition of Peter Azuolas; August 12, 2025 Deposition of Brian Silston; and the August 21, 2025 deposition of Kevin April, no answer is required, and the incomplete quotations, in context of the complete testimony, speaks for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 189 of the Counterclaims.

190.    Denied.

191.    Denied.

192.    Denied.

193.    PANDA expressly denies that ████████████████████████████.  PANDA states that Paragraph 193 of the Counterclaims references and purports to reproduce incomplete quotations for a series of documents, including those produced at PANDA-SR_0409226, PANDA-SR_0409243, and PANDA-SR_0409241, that no answer is required, and that the referenced documents and incomplete quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 193 of the Counterclaims.

194.    Denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Paragraph 201 of the Counterclaims recites numerous legal conclusions to which no response is required.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 201 of the Counterclaims.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    To the extent Paragraph 207 of the Counterclaims reference the Asserted Patents and "related inter partes review submissions," those documents speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 207 of the Counterclaims.

208.    Denied.

209.    PANDA admits that the Named Inventors were aware of their duty of candor and good faith to the USPTO and states that the Named Inventors complied with that duty.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 209 of the Counterclaims.

210.    PANDA states that Paragraph 210 of the Counterclaims reference documents produced at PANDA-SR_0409226, PANDA-GE_147141, and PANDA-GE_147139, that no answer is required, and that the referenced documents, in context of the complete documents, speak

for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 210 of the Counterclaims.

211.    PANDA expressly denies that its understanding of the novel usage of sockets ███████████████.  PANDA states that Paragraph 211 of the Counterclaims reference the '697 Patent, the '687 Patent, the '218 Patent, and the '088 Patent; and documents produced at SCSTR032453, SCSTR00032508, SCSTR00032581, SCSTR00032918, SCSTR00033237, SCSTR00033541, SCSTR00000001, SCSTR0000576, SCSTR00001095, and SCTSR00001887, that no answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 211 of the Counterclaims.

212.    Paragraph 212 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA expressly denies that its understanding of the novel usage of sockets ███████████████.  PANDA states that Paragraph 212 of the Counterclaims reference Dkts. 1, 17, 81, 127, 149, 149-1, 167, and 173; documents filed in IPR2025-00251, IPR2024-01305, IPR2024-01308, and IPR2024-01310; and a document produced at PANDA-SR_0039921, that no answer is required, and that the referenced documents and incomplete quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 212 of the Counterclaims.

213.    Paragraph 213 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA expressly denies any material nondisclosure.  PANDA states that Paragraph 213 purports to reproduce incomplete quotations from the '697 Patent, the '687 Patent, the '218 Patent, and the '088 Patent, that no answer is required, and that the incomplete

███████████
████████████████████████

quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 213 of the Counterclaims.

214.    Paragraph 214 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA denies any material nondisclosure.  To the extent Genius contends additional items should have been cited, PANDA states that such items were not material under controlling law, and no one intended to mislead the USPTO.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 214 of the Counterclaims.

215.    Denied.

216.    PANDA states that Paragraph 216 of the Counterclaims purports to reproduce a single captured image from a document produced at PANDA-GE_509025, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself. PANDA further states that Paragraph 216 of the Counterclaims purports to reproduce incomplete quotations from the August 5, 2025 deposition of Peter Azuolas and a document produced at PANDA-GE_147139, that no answer is required, and that the incomplete quotations, in context of the complete document and the complete testimony, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 216 of the Counterclaims.

217.    PANDA states that Paragraph 217 of the Counterclaims purports to reproduce a single captured image from a document produced at PANDA-GE_147141, that no answer is required, and that the single captured image, in context of the complete document, speaks for itself.

Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 217 of the Counterclaims.

218.    Paragraph 218 of the Counterclaims recites numerous legal conclusions to which no response is required.  PANDA states that Paragraph 218 of the Counterclaims references the Asserted Patents, that no answer is required, and that the referenced documents, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 218 of the Counterclaims.

219.    PANDA states that Paragraph 219 of the Counterclaims purports to reproduce incomplete quotations from the Asserted Claims, the Infringement Contentions, and the August 1, 2025 Final Election of Asserted Claims (Sportradar), that no answer is required, and that the incomplete quotations, in context of the complete documents, speak for themselves.  Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 219 of the Counterclaims.

220.    PANDA states that Paragraph 220 of the Counterclaims purports to reproduce incomplete quotations from the August 5, 2025 deposition of Peter Azuolas, that no answer is required, and the incomplete quotations, in context of the complete testimony, speaks for itself. Except as expressly admitted herein, PANDA denies each and every other allegation against it set forth in Paragraph 220 of the Counterclaims.

221.    Denied.

222.    Denied.

## DEMAND FOR JURY TRIAL

PANDA acknowledges that Genius has requested a trial by jury on issues triable by right thereby.

████████████
████████████

### REQUEST FOR RELIEF

223.    PANDA denies that Genius is entitled to any of the requested relief whatsoever including, but not limited to: (i) a judgment that (a) dismisses with prejudice all claims against Genius and denies all relief requested by PANDA, (b) declares that Genius does not infringe and has not infringed any valid and enforceable claim of the Patents-in-Suit literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents, (c) declares that the claims of the Asserted Patents are invalid for failure to comply with the statutory provisions of Title 35 of the United States Code, including without limitation, one or more of sections 101, 102, 103, and/or 112, (d) declares that the Asserted Patents are unenforceable due to inequitable conduct committed before the United States Patent and Trademark Office, and (e) declares that this case is exceptional under 35 U.S.C. § 285, and accordingly that Genius is entitled to recover reasonable attorneys' fees and costs upon prevailing in this action; and (ii) an award of (i) Genius's costs as the prevailing party, and (ii) any other relief.

### AFFIRMATIVE AND OTHER DEFENSES

Further answering the Counterclaims, and as additional defenses thereto, PANDA asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Genius.  PANDA expressly reserves the right to amend PANDA's Answer and Defenses to Genius's Counterclaims as additional information becomes available, is discovered, and/or as permitted within the timeframe envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following defenses or other defenses that may arise.

### First Affirmative Defense

Genius fails to state a claim against PANDA upon which relief can be granted.

██████████████
████████████████████

### Second Affirmative Defense

Genius is wholly or partially barred from the relief it seeks based upon the principles of and doctrines of waiver, equitable estoppel, laches, and/or acquiescence.

### Third Affirmative Defense

Genius is wholly or partially barred from the relief it seeks due to the doctrine of unclean hands.

### Fourth Affirmative Defense

The Named Inventors complied with their duty of candor in dealing with the USPTO because the Named Inventors did not intentionally fail to disclose information known to the Named Inventors to be material to patentability, with the intent to deceive the USPTO and its agents into issuing patent claims of a scope beyond any to which PANDA was entitled.

PANDA reserves any other defenses available at law or in equity that may now exist or be available in the future based on discovery and further factual investigation in this case

### PRAYER FOR RELIEF

**WHEREFORE**, PANDA prays for relief against Defendants' Counterclaims as follows:

A.  That Judgment be entered in favor of PANDA and against Defendants on all counts of Defendants' Counterclaims;

B.  An order declaring PANDA is the prevailing party and that Defendants' Counterclaims are exceptional;

C.  Allegations of inequitable conduct are without merit and that PANDA is entitled to its attorneys' fees and costs under 35 U.S.C. § 285 and 28 U.S.C. § 1927; and

D.  Any other such relief in law or in equity that the Court deems just.

██████████████
█████████████████████

Date:   February 27, 2026

Respectfully submitted,

By: */s/ Christopher C. Campbell*
Christopher C. Campbell (#444262 DC)
ccampbell@cahill.com
Britton F. Davis (#43909 CO)
bdavis@cahill.com
Matthew D. Wood (#24110548)
mdwood@cahill.com
Yushan Luo
yluo@cahill.com
Cahill Gordon & Reindel LLP
900 16th Street, N.W., Suite 500
Washington, D.C. 20006

Colleen Tracy James (Pro Hac Vice)
ctracyjames@cahill.com
Andrew Cochran (#5276738 NY)
acochran@cahill.com
Rahul Sarkar (Pro Hac Vice)
rsarkar@cahill.com
Cahill Gordon & Reindel LLP
32 Old Slip
New York, N.Y. 10005

Greg Love (#24013060)
glove@cjsjlaw.com
Mark Siegmund (#24117055)
msiegmund@cjsjlaw.com
William Ellerman (#24007150)
wellerman@cjsjlaw.com
Cherry Johnson Siegmund James
Bridgeview Center
7901 Fish Pond Rd., Second Floor
Waco, Texas 76710
(254) 732-2242

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail this 27th day of February, 2026.

By: */s/ Christopher C. Campbell*
Christopher C. Campbell (#444262 DC)
ccampbell@cahill.com

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify under local rule cv-5(a)(7)(b) that the foregoing motion is authorized to be filed under seal pursuant to the Amended Protective Order at ECF 192.

By: */s/ Christopher C. Campbell*
Christopher C. Campbell (#444262 DC)
ccampbell@cahill.com